## HUGHES v. LISTNER.

JUROR.—The affidavit of a juror, showing the finding to have proceeded upon corrupt or improper grounds, will not be received or considered by the court on an application for new trial.

APPEAL from the *Wayne* Common Pleas.

RAY, CH. J.—This action was tried on appeal from a justice of the peace. Issues of fact were formed, and trial by jury, and finding for plaintiff was had below. A motion for new trial was made, founded upon an affidavit of one of the jurors, that the bailiff having the jury in charge had informed them that, unless they agreed upon a verdict before the adjournment of the court on that day, (*Saturday*,) they would be compelled to remain together until the meeting of the court on the following *Thursday*; and that upon said information, and to avoid such confinement, and not upon the merits of the controversy, he agreed to the finding for the plaintiff. The motion for new trial was overruled, and an exception taken.

We think the affidavit of the juror furnished no ground for disturbing the verdict. The law is well settled that the affidavit of a juror, showing the finding to have proceeded upon corrupt or improper grounds, will not be received or considered by the court. *Vaise* v. *Delaval*, 1 Term Rep. 11. The case in 13 Ind. 90, (*The Lafayette Plank-road Company* v. *The New Albany Railroad Company*,) cited by appellant, presented only the question of the competency of a member of the jury to serve as a juror.

Judgment is affirmed, with five per cent. damages.

*Bickle* and *Burchenal*, for appellant.