## STRICKLAND *v.* THE STATE OF INDIANA.

[No. 21,320.    Filed February 2, 1909.]

1.  EVIDENCE.—*Application for Purchase of Liquor.—Power to Compel Accused to Produce.*—Where a druggist, charged with an illegal sale of intoxicating liquor, upon proper notice, refuses to produce at the trial the application for the purchase of such liquor, the court is unable to compel the production thereof.    p. 643.

2.  SAME.—*Oral.—Contents of Writing in Possession of Accused.*—Where an accused druggist was given the proper notice to produce a certain application, in his possession, for the purchase of intoxicating liquors, and he fails to produce same, oral evidence thereof is admissible.    p. 643.

3.  SAME.—*Written.—Order to Produce.—Objections.—When Made. —Trial.—Appeal.*—Objections to an application for an order on a defendant, in a criminal case, to produce certain writings in his possession, to be used as evidence at the trial of his case, must be made at the time, or they are waived.    p. 644.

4.  INTOXICATING LIQUORS.— *Unlawful Sales.— Druggists.— Corpus Delicti.—Evidence.*—Evidence showing a confession, by a druggist, of a sale of liquor to a certain person, a written application therefor in the possession of such druggist, and marked "cancelled," and that the purchaser by his appearance, talk, manner and odor indicated drunkenness, and a conviction for public intoxication, sustains a conviction for an unlawful sale.    p. 644.

5.  CRIMINAL LAW.—*Proof of Venue.*—The venue of a criminal case must be proved in order to sustain a conviction.    p. 645.

6. EVIDENCE.—*Venue.*—Where a witness detailed a confession made by defendant of the sale of liquor to a drunkard, and was asked: "All this occurred in Gibson county, did it?" to which he answered: "Yes, sir," the venue was sufficiently proved. p. 646.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Prosecution by The State of Indiana against Horace Strickland. From a judgment of conviction, defendant appeals. *Affirmed.*

*Luther Benson, Claude Smith, Johnson & Johnson,* and *Thomas Duncan,* for appellant.

*James Bingham,* Attorney-General; *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

MONTGOMERY, J.—Appellant was convicted of selling intoxicating liquor as a druggist to one known to him to be in the habit of using such liquors as a beverage. The overruling of his motion for a new trial is assigned as error. The motion for a new trial charges error in the admission of certain testimony, and that the finding of the court is not sustained by sufficient evidence and is contrary to law.

The trial occurred in the court below May 13, 1908, and it appears from the record that, on May 9 preceding, the prosecuting attorney served notice in writing upon appellant's attorneys to produce at the trial, for use as evidence, the signed application for one quart of intoxicating liquor, executed by Edward G. Wilson to appellant, dated on or about September 1, 1907, and on May 12, upon a showing of such notice and motion of the prosecuting attorney, appellant was ordered and directed by the court to produce the writing therein mentioned at the trial. The writing was not produced at the trial, and its production by the accused could not be enforced. The prosecuting attorney testified as a witness, and, after reading the notice to produce the written application for liquor, before mentioned, was asked to state the contents of such application. Appellant's counsel objected to such oral

testimony, on the ground that "no proper foundation has been laid for the introduction of secondary evidence, by showing either loss or destruction of the application." The objection stated is only applicable when the parol proof offered relates to the contents of a writing in the possession of a third person or in the possession or under the control of the party seeking to make such secondary proof. The law required appellant as a druggist to preserve, for at least one year from the date of sale, the written application for liquor upon which such sale was made, and the State was proceeding upon the theory that appellant had obeyed the law in this respect and had possession of such writing. Appellant's counsel make the point here that an affidavit should have been filed showing the necessity and the materiality of such paper or document, and that the same was in the possession of defendant, as required by the code in civil cases. §502 Burns 1908, §479 R. S. 1881. Assuming, without deciding, that the rule in civil cases in this matter governs criminal proceedings, the appellant, not having made in the lower court the objection now urged, cannot make it for the first time on appeal. This objection should, furthermore, have been made at the time the prosecutor applied to the court for an order to produce the writing, and, not having been then raised, would not be availing if made for the first time upon the trial. *Cleveland, etc., R. Co.* v. *Closser* (1890), 126 Ind. 348, 9 L. R. A. 754, 22 Am. St. 593..

The next contention is that extrajudicial confessions, alone and uncorroborated, are insufficient to establish the *corpus delicti*. Elcania S. Peacock testified that he had a conversation with appellant, since the commencement of this prosecution, about the sale of liquor to Edward G. Wilson upon the written application heretofore mentioned, in which appellant said Wilson came in and made the application, but did not bring the money,

and he did not let him have the whisky, but later he (Wilson) came back with the money, and he let him have it upon the application already made out. This evidence, uncorroborated, would not justify a conviction; but, in addition, it appeared from the testimony of the prosecuting attorney and a grand juror that appellant produced a writing, which was read by them, in which E. G. Wilson made application to appellant for the purchase of one quart of whisky to be used for medicinal, scientific or educational purposes only, dated some time in September, 1907, and below the application proper were the words in print:

"In my opinion the above-named applicant desires the liquor for the purpose above mentioned.

Horace Strickland, druggist."

Across the face, written in ink, was the word "cancelled." This record the law required to be made as a part of the *res gestae,* and, taken in connection with the oral confession to Peacock, was sufficient to establish the fact of a sale.

There was evidence that E. G. Wilson and Edward G. Wilson was one and the same person, and that he was in the habit of using intoxicating liquors as a beverage, which fact was apparent from his appearance, talk and manner, and from the odor on his breath, and that prior to the date of this alleged sale he had been convicted before a justice of peace of public intoxication.

Appellant's counsel further contend that the venue was not proved. It is elementary that proof of the venue must be made to sustain a conviction. *Clem* v. *State*

5. (1869), 31 Ind. 480; *Baker* v. *State* (1870), 34 Ind. 104; *Mullinix* v. *State* (1873), 43 Ind. 511; *Deck* v. *State* (1874), 47 Ind. 245; *Stazey* v. *State* (1877), 58 Ind. 514; *Garst* v. *State* (1879), 68 Ind. 37; *Harlan* v. *State* (1893), 134 Ind. 339.

The evidence upon this point is meager and unsatisfactory, but we do not feel justified in holding that the trial

court might not infer, upon the whole evidence, that
6. the transaction occurred in Gibson county. After the
witness Peacock had testified that he was marshal of
Owensville, and was acquainted with appellant and E. G.
Wilson, and had detailed the conversation with appellant
concerning the sale of liquor to Wilson, the prosecuting attor-
ney propounded the question: "All this occurred in Gib-
son county, Indiana, did it?" to which he answered: "Yes,
sir." It is doubtless true that, grammatically speaking,
"all this" might relate only to the acts of the witness given
in evidence; but the venue of an offense is seldom contro-
verted, and the leading form of the question is suggestive of
the common mode in which such proof is frequently made.
The pertinence and materiality of the inquiry as to place is
naturally explained by connecting it with the unlawful act
charged against appellant. The learned and experienced
trial judge evidently assumed that this inquiry was intended
to cover and did cover the transaction under consideration,
and, if so, the venue was specifically proved. We cannot
disturb the finding on this account. No error having been
made to appear, the judgment is affirmed.