## MOORE ET AL. v. STATE OF INDIANA.
[No. 22,282. Filed March 25, 1913.]

1. CRIMINAL LAW.—*Appeal.*—*Waiver of Error.*—*Briefs.*—Error assigned in overruling a motion to quash the indictment is waived where no objection to the sufficiency of the indictment is pointed out in appellant's brief. p. 354.

2. CRIMINAL LAW. — *Appeal.* — *Questions Presented.* — *Defective Briefs.*—Although appellants' brief neither contains the motion for a new trial nor its substance, as required by Rule 22 of the Supreme Court, the questions arising on the overruling of appellants' motion for a new trial are presented for consideration where the defects of appellants' brief are supplied by the briefs of the State and the questions raised are therein discussed on their merits. p. 354.

3. ROBBERY.—*Indictment.*—*Evidence.*—*Sufficiency.*—Evidence that defendants stole $7.10 in money, although not definitely showing that it was money issued by the United States government, is sufficient to support a verdict of guilty upon an indictment charging the stealing of $7.10 "in lawful money of the United States of America," since under §2058 Burns 1908, Acts 1905 p. 584, §187, the allegation that the money taken "was lawful money of the United States of America" was not necessary. p. 354.

4. CRIMINAL LAW.—*Trial.*—*Venue.*—*Evidence.*—Venue need not be established by questions and answers specifically naming the particular county and State in which the offense was committed, but it is sufficient if facts and circumstances are shown by the evidence from which the jury may find the *locus delicti.* p. 355.

From Crawford Circuit Court; *William Ridley,* Judge.

Prosecution by the State of Indiana against Jerry Moore and others. From a judgment of conviction, the defendants appeal. *Affirmed.*

*Samuel A. Lambdin, Ewing & Paris, Jerry L. Suddarth, William A. Land* and *Charles T. Brown,* for appellants.

*Thomas M. Honan,* Attorney-General, and *Thomos H. Branaman,* for the State.

Cox, J.—Appellants were tried on an indictment charging them with the crime of robbery and were found guilty of petit larceny by the verdict of a jury. The court rendered judgment upon this verdict against each of the appellants

of imprisonment for an indeterminate period of not less than one nor more than eight years together with disfranchisement and a fine as provided by the criminal code. §2270 Burns 1908, Acts 1907 p. 86. From that judgment they appeal and assign for reversal alleged errors of the trial court in overruling their motion to quash the indictment and in overruling their motion for a new trial.

1. The first error assigned is waived by a failure on the part of appellants' counsel to point out in their brief any objection to the sufficiency of the indictment.

2. The Attorney-General in the brief for the State points out the fact that neither the motion for a new trial nor its substance is set out in appellant's brief as required by Rule 22 of this court and it is claimed that therefore no question attempted to be presented by appellants on the second error assigned can be considered. This defect in the appellants' brief is, however, supplied by the brief for the State in which the substance of the motion for a new trial is set out including the causes upon which it was based. And in the State's brief the questions raised on the overruling of their motion for a new trial are discussed on their merits. This is sufficient to present these questions for the court's consideration. *Michael* v. *State* (1912), 178 Ind. 676, 99 N. E. 788; *Teeple* v. *State, ex rel.* (1908), 171 Ind. 268, 271, 86 N. E. 49, 50.

One of the grounds of the motion for a new trial was that the verdict was not sustained by sufficient evidence. The

3. indictment upon which appellants were tried and convicted charged them with stealing from the person of one Burton by robbery ''seven dollars and ten cents in lawful money of the United States of America.'' The evidence was to the effect that appellants stole from Burton seven dollars and ten cents in money. But it does not definitely appear from the evidence that it was money issued by the United States government. It is contended by counsel for appellants that as the indictment alleged

that the money stolen was "lawful money of the United States of America" the State was bound to prove this allegation as made and as there was a failure of proof to show that the stolen money was money issued by the United States government the verdict is not sustained by sufficient evidence and must be reversed. The law has been definitely and we think correctly settled to the contrary. Under the provisions of §2058 Burns 1908, Acts 1905 p. 584, §187, it was only necessary to describe the money taken as seven dollars and ten cents in money and it is not denied that if that had been done the proof would have been adequate in this respect to sustain the charge. The allegation that the money taken was "lawful money of the United States of America" was not, under the statute, necessary, and a failure to prove it with technical exactness will not justify this court in reversing the judgment. We regard the identical question as having been settled against the contention of appellants by the case of *Taylor* v. *State* (1891), 130 Ind. 66, 29 N. E. 415.

It is also claimed that the verdict was not sustained by evidence sufficient to prove the venue. The claim is not well founded. The rule is that the venue need not 4. be established by questions and answers specifically naming the particular county and state in which the offense was committed, but it is sufficient if facts and circumstances are shown by the evidence from which the jury may find the *locus delicti*. *Williams* v. *State* (1907), 168 Ind. 87, 79 N. E. 1079. While the evidence contained in the record does not show the direct statement from any witness that the crime was committed in Crawford County, Indiana, it does establish many facts and circumstances which clearly and irrefragably prove the venue to be as laid.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 295. See, also, under (1) 12 Cyc. 886; (3) 34 Cyc. 1804, 1808; (4) 12 Cyc. 494. For a discussion of the quantum of proof necessary to establish the venue in a criminal case, see Ann. Cas. 1912 B 939.