## WEAVER v. STATE OF INDIANA.

[No. 30,195. Filed February 5, 1963. Rehearing denied
March 18, 1963.]

*J. Bayne Burton,* of Anderson, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal by the appellant who was convicted of a charge of rape on Carol Harrison, a female child of the age of 5-1/2years. The questions on appeal resolve themselves into two main contentions; first, whether the venue was proved to be in Madison County; secondly, whether there was proof of penetration and the corpus delicti. For that purpose we must examine the evidence most favorable to the State on this appeal.

The evidence shows that at the time of the alleged crime the appellant was 35 years of age; that the Harrison child, age 5-1/2, was living with her divorced mother on November 18, 1960, in a two-room apartment, the rear room of which opened on a back porch; that the little girl at the time was suffering from chicken pox and was "horribly broken out and she had a temperature" and was under the treatment of a physician; that she was sleeping in the back bedroom close to the back door. During the middle of the night her mother took the child's temperature and gave her some aspirins and went back to sleep. About 6:00 o'clock in the morning she went to the child's bedroom to check her condition and found her missing.

She began a search of the rooms, bedroom and other parts of the building and looked out on the back porch, but could not find her daughter. She testified she saw the appellant's car over on Main Street. There is some discrepancy as to the description of the car on this point. After continuing the search for her daughter in two other buildings, she returned and found her daughter back in bed. At that time she stated (referring to her daughter) : "Well the pants she had on were torn and she had blood all over her face and her hands and her arms, even her feet." Upon the mother's inquiry the evidence merely shows that Carol told her mother "what had happened" without any explanation in the record. The mother further testified as to the bloody condition of the child's body. She called the police and gave the police the appellant's name. The police arrived and described the child's condition in much the same fashion as the mother. The child was taken to the hospital where a physician examined her and described her condition as follows:

"First of all, she was well broken out with chicken pox. Her temperature was 102. She was covered with blood over her abdomen—lower abdomen—, thighs and was bleeding rather profusely from her vagina. She was in a state of more or less hysteria and having a vaginal examination was not possible, but I could determine multiple lacerations or tears in the vagina. The only way you could have a satisfactory examination was under anesthesia and due to her condition with chicken pox you could not permit it and it was not done."

The doctor treated Carol by stitching lacerations and giving her penicillin. Three weeks later there remained considerable vaginal infection and more penicillin was administered to the child. When the appel-

lant was arrested he was taken before Carol Harrison and she was asked in his presence if she had ever seen the appellant before. A detective testified that she shook her head "yes" and she also shook her head "yes" when she was asked if the appellant was the one who had taken her out of her bed into his automobile. The appellant, in his own testimony, admitted that the child identified him, as stated by the detective, and that she was asked "is this the man that hurt you?" and that Carol nodded her head affirmatively.

The evidence further shows that a Willie McIntire, an inmate of the Madison County Jail at the time the appellant was confined there, testified that appellant told him that he had taken a five year old girl out to a place between "here and Linwood" and brought her back to the steps of the apartment, and that he had "blacked out." He said he must have been "awfully drunk" at the time and that he had taken the girl because he had some trouble with the girl's mother. She had accused him of having a venereal disease.

Another witness, John Carroll, of Linwood, which is approximately five miles from Anderson, Indiana, testified that the appellant was rooming at his home and that about 6:00 a.m. on the morning of November 18, 1960, he observed the appellant taking a bath "to get some of that off him"; that his clothing and trousers were covered with blood, particularly inside the zipper. The appellant told Mr. Carroll that "his pants were so bloody and everything that he didn't think the blood would wash out of them so he thought he would just burn them." The appellant explained to Mr. Carroll that this blood was from some sexual intercourse he had had. The police found blood

in the appellant's automobile on the front seat. He claimed this was from a rabbit he had killed. However, an examination of the blood showed it was human blood of type O. When the child's blood was tested it was found to be of this type.

From the evidence, it is sufficiently shown by the appellant's own statement to his jail-mate that he had taken a five year old girl to a place "between here and Linwood," which we judicially know is in Madison County, that the venue is sufficiently proved under the charge to be in Madison County.

In *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823 where the question of proof of the venue was raised, the evidence showed that the appellant had taken the child into his car and kept her overnight with him in the car and that he had been seen traveling about the county during the period a number of times in the car and that he had had two minor collisions. He returned the child to near the place he had picked her up. At the time she was found her clothes were dirty and torn and there was evidence that her female organs had been irritated and injured. We held in that case that there was sufficient circumstantial evidence from which the jury could find that venue of the alleged crime was proved as alleged. Although it is better practice, if possible, to prove the venue by direct evidence, this cannot in all cases be done. It is not necessary that venue be proved by direct evidence established by questions and answers specifically naming the particular county and state in which the offense was alleged to have been committed. It is sufficient if facts and circumstances are shown by the evidence from which the jury may find where the crime was

committed. *Boyle* v. *State* (1955), 234 Ind. 215, 125 N. E. 2d 707; *Johnson* v. *State* (1957), 236 Ind. 509, 141 N. E. 2d 444; *Moore* v. *State* (1913), 179 Ind. 353, 101 N. E. 295; *Williams* v. *State* (1907), 168 Ind. 87, 79 N. E. 1079.

It is likewise true that other material allegations constituting the crime need not be proved by direct evidence of a witness who saw it committed, since a conviction may be sustained upon circumstantial evidence if the evidence is of such probative value that a reasonable inference of guilt may be drawn. It has been said many times by this court and other courts that some crimes are of such a nature that it would be unique or unusual to find an eye-witness to the actual perpetration where the victim may be so young that she is not competent as a witness, or where the victim may have died.

When it comes to the issue of proof of penetration in a rape case, this element of the crime may also be proved by circumstantial evidence. We need not repeat the evidence in this case showing this little girl was abused, undoubtedly in the gratification of sexual desires. The jury had a right to conclude from the appellant's own statement to a jail-mate as well as to his rooming-house landlord that he had raped this girl, and as a result they may draw their conclusions that there was a penetration from the corroborating evidence of her physical condition. *Bradburn* v. *State* (1904), 162 Ind. 689, 71 N. E. 133; *Taylor* v. *The State* (1887), 111 Ind. 279, 12 N. E. 400.

What we have said with reference to proof of venue and proof of penetration also answers appellant's

contention that the corpus delicti was not proved. The corpus delicti need not be proved by evidence supporting a conclusion beyond a reasonable doubt. *Dunbar* v. *State* (1961), 242 Ind. 161, 177 N. E. 2d 452; *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647; *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556; *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565.

Here it was sufficient, in view of the description of the child's condition and the very evident abuse that she had undergone, to conclude that her injuries were not self-inflicted but that they were the result of someone's unlawful or felonious acts, as was stated in *Shipman* v. *State* (1962), 243 Ind. 245, 183 N. E. 2d 823.

We cannot weigh the evidence in this case. It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law. *Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91.

The judgment of the trial court is affirmed.

Myers, Landis and Achor, JJ., concur.

Jackson, C. J., concurs in result.

NOTE.—Reported in 187 N. E. 2d 485.