WIDUP ET AL. *v.* STATE OF INDIANA.

[No. 30,647. Filed November 13, 1967. Rehearing denied March 8, 1968.]

*Carl M. Franceschini,* and *Fox, Franceschini, Transki & Martin,* of Michigan City, and *John M. Lyons,* of Valparaiso, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from a judgment of conviction obtained in the Pulaski Circuit Court against the appellants Widup, Shidler and Mayer.

The State of Indiana has requested that this court dismiss this appeal as to the appellant Wallace Morgan for the reason that he has been improperly joined as a party; that nothing in the transcript discloses that he is a proper party; that the motion for new trial upon which the assignment of error is addressed failed to mention Wallace Morgan. The appellants' brief states, "Appellant Wallace Morgan was not tried

with his other Co-Defendants and judgment was not entered against him." The motion to dismiss is now sustained, and this appeal as to the appellant Wallace Morgan is dismissed.

Appellants Robert Widup, Oren Shidler, Charles Mayer and Wallace Morgan were charged by indictment with the crime of rape.

The indictment, omitting caption, formal parts and signatures, reads as follows:

"The Grand Jurors of Pulaski County, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said County of Pulaski in the name and by the authority of the State of Indiana, on their oath present that Robert Widdup (sic), Oren Shidler, Charles Mayer and Wallace Morgan late of said county, on the 9th day of February, A.D. 1964, at said County and State aforesaid, did then and there unlawfully, feloniously and forcibly make an assault in and upon one Sharon Price, a woman then and there being, and the said Robert Widdup (sic), Oren Shidler, Charles Mayer and Wallace Morgan did then and there, forcibly and against her will, unlawfully and feloniously ravish and carnally know her, the said Sharon Price, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The appellants entered pleas of not guilty to the indictment as shown by order book entry of the court as follows:

"Comes now John Lyons, of Valparaiso, the attorney for the three defendants, Robert Widup, Oren Shidler and Charles Mayer, and also said three defendants in person, and said defendants acting individually and by their said attorney now waive formal arraignment and each enters a plea of not guilty of the charge as made herein."

Trial was had by jury which returned verdicts against appellants finding them guilty of assault with intent to commit the felony of rape. Such verdicts, in pertinent part, read as follows:

"We, the Jury, find the defendant Robert Widup guilty of assault with intent to commit the felony of rape.

"We further find that said defendant's age is 25 years."

"We, the Jury, find the defendant Oren Shidler guilty of assault with intent to commit the felony of rape.

"We further find that said defendant's age is 23 years."

"We, the Jury, find the defendant Charles Mayer guilty of assault with intent to commit the felony of rape.

"We further find that said defendant's age is 20 years."

Thereafter the court pronounced judgment on the verdict. Such judgment, omitting caption, formal parts and signatures, reads:

"Come now the State by John L. Richert, Pros. Atty., and the defendants, Robert Widup, Oren Shidler and Charles Mayer, in person and by their attorney, John M. Lyons, and the Probation Officer of Pulaski County having made to the Court a report of his pre-sentence investigation as to each of said three defendants, the State now moves for judgment on the verdicts of the jury as to said three defendants respectively.

"Said motion for judgment on the verdicts is sustained. Judgment on each of said three verdicts is now entered as follows:

"It is therefore adjudged and decreed that Robert Widup is guilty of assault with intent to commit the felony of rape as included under the charge in the indictment herein. It is further ordered, adjudged and decreed that for said offense said Robert Widup be imprisoned in the Indiana Reformatory at Pendleton, Indiana, for the term of not less than one year and not more than ten years.

"It is also adjudged and decreed that Oren Shidler is guilty of assault with intent to commit the felony of rape as included under the charge in the indictment herein. It is further ordered, adjudged and decreed that for said offense said Oren Shidler be imprisoned in the Indiana Reformatory at Pendleton, Indiana, for the term of not less than one year and not more than ten years.

"It is also adjudged and decreed that Charles Mayer is guilty of assault with intent to commit the felony of rape as included under the charge in the indictment herein. It is further ordered, adjudged and decreed that for said offense said Charles Mayer be imprisoned in the Indiana Reforma-

tory at Pendleton, Indiana, for the term of at least one year and not more than ten years."

Thereafter the defendants, each in person and by counsel, filed their motion for a new trial. Such motion relies on six grounds, as follows:

"1. Irregularities in the proceedings of the jury, which said irregularities prevented these defendants from having a fair trial, which said irregularities are further set out and described in affidavits attached hereto, made a part hereof, and incorporated herein by specific reference;

"2. That the jury received and considered evidence not authorized by the Court, which said evidence is detailed in affidavits attached hereto, made a part hereof, and incorporated herein by specific reference;

"3. That the jury has been guilty of misconduct tending to prevent a fair and due consideration of the case;

"4. That the verdict was found by means other than by a fair expression of opinion on the part of all of the jurors;

"5. Error of law occurring at the trial;

"6. That the verdict of the jury is contrary to law, and is not sustained by sufficient evidence."

Appellants' Assignment of Errors contains the following three specifications, to-wit:

"1. The Court erred in overruling Motion For New Trial of the appellants, Robert Widup, Oren Shidler and Charles Mayer.

"2. The Court erred in sustaining appellee's Motion to Strike the affidavit of Edwin Haupli (sic).

"3. The Court erred in denying motion of Robert Widup, Oren Shidler and Charles Mayer, appellants, for continuance of the hearing on said appellants' Motion for New Trial requested for the purpose of obtaining counter-affidavits to appellee's counter-affidavits."

The evidence most favorable to the State shows that on the night of February 8, 1964, the prosecuting witness, Sharon Price, was at a dance at the Eagles Lodge where appellants Widup and Shidler asked her several times if they could take her home. Each time she declined their offer. As she was

leaving Widup and Shidler kept arguing with her about taking her home. She continued to refuse. Finally, Widup grabbed her arm and started to pull her out the door. She bit his hand, and he let loose. Sharon then went to get in a car with a woman who was going to take her home. When Widup came up to the car and started to get in, Sharon told the woman, "I am not going. If he is going I am not going to let you take me home if he is going along." She then went over to another couple's car and asked them to take her home. They took her to the Kruzick house where she was living. Sharon went into the house and got ready for bed.

Sharon heard a car pull up outside and from the window saw that it was Shidler's car. Sharon knew that her younger sister, Corrine, was parked outside in a car with Tom Owens. She went outside to tell Corrine she should come in. As the sisters were talking, Shidler walked up behind Sharon. She jumped into the car and locked the door. Shidler repeatedly asked her to roll the window down, but she refused. At Sharon's request, Owens drove away. Shortly thereafter Shidler's car met the Owens car headon. The Owens car was blocked so that it could go no farther. A bunch of boys got out of Shidler's car and another car and approached the Owens car. Corrine reached over Sharon and opened the door. The sisters got out of the car and ran screaming toward some nearby houses. Widup caught Sharon, grabbed her by the arm, pushed her to Shidler's car and forced her into the back seat. Sharon attempted to get away from Widup but was unable to do so. Corrine ran to the home of Mrs. Thelma Lebo who had heard the girls screaming and had gotten out of bed to see what was happening. Mrs. Lebo let Corrine into her house and called the Sheriff.

Shidler and Widup, followed by some boys in another car, took Sharon to a lonely place in the country. Shidler got into the back seat and forcibly and against her will had intercourse with Sharon. Without going into the sordid details, each of the other appellants forcibly violated her.

After the appellants had accomplished their purpose, they returned Sharon to the Kruzick home. Shortly thereafter Sheriff Koepkey and Police Officer Lloyd arrived at the Kruzick home. They found Sharon in a state of shock. She was scared and stupified. Her hair was messed up. She was bruised. Her lips were swollen from bites.

The record amply sustains the verdict of the jury as to sufficiency. It therefore follows that the verdict of the jury, being sustained by sufficient evidence is not contrary to law.

"It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law. *Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91." *Weaver* v. *State* (1963), 243 Ind. 560, 566, 187 N. E. 2d 485, 488; *Beatty* v. *State* (1963), 244 Ind. 598, 600, 194 N. E. 2d 727, 728.

In determining the sufficiency of the evidence on appeal, it is well settled that this Court considers only that evidence most favorable to the State, together with all the reasonable and logical inferences that may be drawn therefrom. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459.

On appeal, the Supreme Court of Indiana will not determine the credibility of witnesses when the question of the sufficiency of the evidence is raised. *Beatty* v. *State* (1963), *supra; Myers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220.

Nor will this Court weigh conflicting evidence. *Martin* v. *State* (1964), 246 Ind. 43, 201 N. E. 2d 42; *Bullard* v. *State* (1964), 245 Ind. 190, 195 N. E. 2d 856.

On page 163 of appellants' brief, they make the following argument:

"The jury in this case having refused to find the Appellants guilty of rape, necessarily determine that there was

no threat of force, force or the instillation of fear on the prosecuting witness to make the various acts of intercourse the crime of rape. If there was no threat of force, force or coercion upon the prosecuting witness so as to make the Appellants guilty of rape, there necessarily was no threat of force, force or coercion to make the Appellants guilty of assault with intent to commit the crime of rape."

That the above statement is not the law in Indiana was clearly stated by this Court in *Chesterfield* v. *State* (1923), 194 Ind. 282, 298, 299, 141 N. E. 632.

"Appellant says that the evidence shows either that the completed crime of rape was committed, or that no crime was committed, and that there was no evidence to justify a verdict of assault and battery with intent to commit rape. There may be a conviction of assault and battery with intent to commit a felony, although the felony is actually committed. *Hamilton* v. *State* (1871), 36 Ind. 280, 10 Am. Rep. 22; *Polson* v. *State* (1893), 137 Ind. 519." See also: *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549; *Kuslulis* v. *State* (1930), 201 Ind. 660, 171 N. E. 5; *Acton* v. *State* (1930), 201 Ind. 686, 171 N. E. 197.

Appellants contend that the trial court erred in striking out the affidavit of Edwin Hauptli, one of the jurors, which was attached to appellants' motion for a new trial. The juror's affidavit alleged certain improper conduct on the part of the bailiff in going into the jury room. The State filed counter-affidavits. The affidavit of the juror was stricken.

The counter-affidavit of the bailiff contradicted the averments of the affidavit of the juror, and was to large extent corroborated by the counter-affidavits of several other jurors.

We hold that the trial court did not commit error in striking the Hauptli affidavit for several reasons. First, the trial judge is one of considerable experience and ability; he was present in the court room and had an opportunity to observe the actions of the bailiff. Second, counter-affidavits were filed by the State. Third, the trial court in cases such as this has discretion to act. Fourth, it is well

settled law that affidavits by jurors may not be received by the court for the purpose of impeaching their verdict. *Barlow* v. *State* (1827), 2 Blackford 114; *Bennett* v. *State* (1851), 3 Ind. 167; *Hughes* v. *Listner* (1864), 23 Ind. 396; *Houk* v. *Allen* (1890), 126 Ind. 568, 569, 25 N. E. 897.

It has been pointed out in argument and appellee's brief that Hauptli failed to state in his affidavit that the alleged misconduct of the bailiff in any way influenced his verdict; therefore, we must assume that it did not. The counter-affidavits of the other jurors specifically stated that no act or alleged statement of the bailiff influenced their verdict. On the basis of the authority above cited we must hold that the court ruled correctly in striking the affidavit. *Clayton* v. *State* (1884), 100 Ind. 201; *Shular* v. *State* (1903), 160 Ind. 300, 309, 310, 66 N. E. 746.

Finally, appellants contend the court erred in not granting their motion for a continuance of the hearing on appellants' motion for a new trial for the purpose of obtaining counter-affidavits to appellee's counter-affidavits as provided under Rule 1-15 of this Court. Without going into a recapitulation of the arguments, affidavits and counter-affidavits made and filed herein we must recognize that ultimately litigation must come to an end. Counter-affidavits by people other than jurors as to the activities of the bailiff could only relate to the times he entered the jury room. That was a matter within the knowledge of counsel for defendant, the prosecuting attorney, spectators in the court room and the judge who tried the case. It therefore follows that if the counter-affidavits appellants wanted to file related to statements allegedly made by the bailiff, these counter-affidavits would have to be made by some of the jurors. They might or might not contradict the counter-affidavits filed by the State. Appellants did not file any affidavit for additional time, alleging what the counter-affidavits they wished to file would contain, or that their content would be other than cumulative. The bailiff filed his counter-affidavit denying any misconduct on

his part. That was corroborated by the counter-affidavits of other jurors who were present in the jury room with juror Hauptli. Not a single affidavit of any of the jurors, including Hauptli, stated they were influenced in the return of their verdict by any words or actions of the bailiff. On the contrary, the affidavits of the jurors stated they were not influenced in the return of their verdict by the bailiff. The trial judge is a man of ability and experience. While he may have been in technical violation of the rule, under the facts and circumstances and on the authority of cases previously cited herein we are of the opinion he did not abuse his discretion in denying the extension of time complained of.

We find that the verdict of the jury was amply sustained by sufficient evidence of probative value, that the verdict of the jury was not contrary to law and that the court did not commit reversible error. While we do not condone all the actions of the bailiff in the case at bar, we are of the opinion the appellants were not harmed thereby.

The judgment of the trial court is affirmed.

Hunter, C. J., Arterburn and Lewis, JJ., concur.

Mote, J., concurs in result only.

NOTE.—Reported in 230 N. E. 2d 767.