DAVID THOMPSON v. STATE OF INDIANA.

[No. 3-1172A87. Filed May 7, 1973.]

*Eugene N. Chipman*, of Plymouth, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, *John Meyers*, Deputy Attorney General, for appellee.

SHARP, J.—The Appellant was charged by way of affidavit with the crime of theft in knowingly, unlawfully and feloniously obtaining and exerting unauthorized control over the property of one Terry Nelson, to-wit: one 12 gauge pump Western Field Shotgun, Serial No. 45034, said property being of a value of less than One Hundred Dollars and intending to deprive said Terry Nelson permanently of the use and benefit of said property. Said offense was alleged in the affidavit to have occurred on the 25th of October, 1971 in Marshall County, State of Indiana. The case was tried before a jury which found the Appellant guilty. Upon such finding of guilt the Appellant was fined in the sum of $50.00 and sentenced to the custody of the Department of Corrections of the State of Indiana for an indeterminate period of from one to five years with the recommendation that he be committed to the Indiana Youth Center.

The sole contention of the Appellant here is that said jury verdict was not supported by sufficient evidence and was contrary to law because of the failure to sufficiently prove venue in Marshall County, Indiana.

The evidence must be considered in the light most favorable to the State of Indiana to determine whether or not venue was sufficiently proved. This evidence discloses that on October 25, 1971 two teenagers who resided in Culver, Marshall County, Indiana, ages 13 and 15 respectively, were hunting on the property owned by one of their grandparents, namely, Burl Briggs, R#3, Plymouth, Indiana. The farm in question is located on 17th Road between Queen and Redwood. On this date at approximately noon, a 1965 Mustang convertible containing the Appellant and Pete Green was seen by these two teenage boys. At this time these two teenage boys were on 11th Road, between Queen and Redwood, which according to one of them, was behind his grandfather's farm, no more than two miles. The driver of the automobile in which the Appellant was then located drove past these two boys, turned around, proceeded back, stopped, and asked one of them if

he wanted a ride. At this point the Appellant got out of the car and asked the other boy what he was hunting. Pete Green then grabbed the rifle from Terry Nelson's hand and said "Thanks for the gun, kid", and both he and the Appellant then drove off. The boys got the license number, went to a nearby farm house located at Olive Trail and 11th Road where Terry Nelson called his grandfather.

Harvey E. Phillips, Sheriff of Marshall County, Indiana, was then summoned to the McCreary residence. Sheriff Phillips testified in part as follows:

"Q. Harvey, calling your attention to October 25, 1971, did you investigate a report of a *theft down on 11th Road, Marshall County?*

A. I did.

Q. Specifically, where did you go?

A. I went out on what is known as Olive Trail to 11th Road, turned and went direct west to the McCreary residence—first house after you pass Queen Road on the south side." (emphasis added)

The Sheriff obtained a description of the rifle, the license number and the car. The Deputy Sheriff of Marshall County, Indiana then arrested the Appellant at his home in Polk Township in Marshall County, Indiana between 5 and 6 P.M. on October 25, 1971. After his arrest, Appellant implicated the driver of his car, namely, Pete Green, and was told. that Green had the rifle at his home in Plymouth, Indiana. The rifle was retrieved by the Marshall County Sheriff and his Deputy from Green's residence.

In *Johnson* v. *State* (1957), 236 Ind. 509, 511, 141 N.E.2d 444, a unanimous Supreme Court, speaking through Judge Bobbitt, stated:

"First: Venue must be proven to sustain a conviction; Strickland v. State (1909), 171 Ind. 642, 645, 87 N.E. 12; however, no more direct or convincing evidence is required to establish it than is required to prove any other essential fact in the case. State v. Jackson (1918), 187 Ind. 694, 699, 121 N.E. 114.

There is direct evidence to show that the deceased lived and worked in Indianapolis, Indiana, that he was seen in the vicinity of 614 North California Street on the night of February 15, 1955, and that his dead body was found in the alley at the rear of 614 North California Street, Indianapolis, Marion County, Indiana, at about 7 o'clock on the morning of February 16, 1955. We believe this is sufficient evidence from which the jury might properly have inferred that the alleged crime was committed in Marion County, Indiana. See: Beavers v. The State (1877), 58 Ind. 530, 536."

More recently Justice Arterburn, speaking for our Supreme Court in *Weaver* v. *State* (1963), 243 Ind. 560, 187 N.E.2d 485, stated:

"Although it is better practice, if possible to prove the venue by direct evidence, this cannot in all cases be done. It is not necessary that venue be proved by direct evidence established by questions and answers specifically naming the particular county and state in which the offense was alleged to have been committed. It is sufficient if facts and circumstances are shown by the evidence from which the jury may find where the crime was committed. Boyle v. State (1955), 234 Ind. 215, 125 N.E.2d 707; Johnson v. State (1957), 236 Ind. 509, 141 N.E.2d 444; Moore v. State (1913), 179 Ind. 353, 101 N.E. 295; Williams v. State (1907), 168 Ind. 87, 79 N.E. 1079."

The statement of Marshall County Sheriff Phillips is direct evidence establishing venue. In addition, there are other facts and circumstances from which venue in Marshall County may be clearly and unquestionably inferred. The farm of Burl Briggs on which the boys were hunting at the time the incident charged in the affidavit was located at a Plymouth, Indiana address.

The evidence here, both direct and circumstantial, was sufficient to meet the tests set out by our Supreme Court in *Johnson* and *Weaver, supra.*

Since there has been no reversible error demonstrated here by the Appellant the sentence and fine imposed on the Appellant should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 295 N.E.2d 630.