DANNY WOODALL AND JIMMY HIGDON v. STATE OF INDIANA.

[No. 1-474A72. Filed October 28, 1974. Rehearing denied December 3, 1974. Transfer denied March 14, 1975.]

*John M. Murphy, Bob Good,* of Shelbyville, for appellants.

*Theodore L. Sendak,* Attorney General, *John E. Meyer,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—The defendants-appellants (Woodall, Higdon) bring this appeal from their conviction of statutory rape.

They present two contentions:

(1) The evidence is insufficient to support the conviction; and

(2) The conviction is contrary to law since no evidence was presented to show proper venue.

Briefly stated the facts, favorable to the State, are as follows: Miss Loretta Ross, age twelve, had gone to a neighbor's house in the town of Needham where several of her friends were congregated. Woodall and Higdon, acquaintances of Miss Ross, arrived in Higdon's car. When they called to her she got out of another friend's car and approached the defendants. Woodall got out of the car and caught Miss Ross. He threw her into the car in such a way that she hit her head on the dashboard and landed upside down. The defendants placed her between them, rolled up the windows, and drove off. They stopped on a country road, removed her clothes, and both forcibly had sexual intercourse with her. They drove back to the vicinity of her house and let her out. In all, approximately an hour had passed.

Woodall and Higdon first contend that the evidence is insufficient to support the verdict since the conviction was based upon the uncorroborated testimony of the victim. They concede that this argument is contrary to existing Indiana law.

"[I]t is a well settled rule in Indiana that a conviction for rape may be had solely on the testimony of the prosecuting witness and victim." *Grimm* v. *State* (1970), 254 Ind. 150, 258 N.E.2d 407, 409.

However, they argue that this general rule could be modified in certain cases to "protect innocent men from being convicted without endangering the female segment of society from the very vicious crime of rape." They suggest that uncorroborated testimony of a victim should not be sufficient where corroborative testimony is readily available and the evidence presented is otherwise conflicting.

Our Supreme Court has previously rejected such an argument.

> "We concede and acknowledge the possibility that, where the judgment of conviction stands on the uncorroborated evidence of the complainant or alleged victim, alone, a defendant might be 'shopped' or 'framed' or an innocent man unjustly convicted. On the other hand crimes of violence such as murder, rape, or attempts to commit the same seldom take place in broad daylight, in public places, in plain view of numerous spectators or potential witnesses and as a matter of public policy the courts must and have decided which horn of the dilemma constitutes the greater threat and hazard to our society. In this state this Court has held that the uncorroborated testimony of the victim is sufficient to sustain the judgment of conviction. *Grimm* v. *State* (1970), [254] Ind. [150], 258 N.E.2d 407." *Douglas* v. *State* (1970), 254 Ind. 517, 261 N.E.2d 567, 578.

Moreover, in the present case, there was evidence corroborative of the victim's testimony. The other young people who were present at the time saw Woodall catch Miss Ross and throw her into the car. They saw her struggle with Woodall and scream as the car drove away. When she returned, these witnesses observed that she was crying, her hair and clothes were disarranged and she was walking with a limp.

The State had the burden of proving that the defendants had carnal knowledge of a female under the age of 16. IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns 1956). The testimony of the victim plus the corroborative evidence of the other witnesses was sufficient to satisfy that burden.

Woodall and Higdon next contend that the conviction was contrary to law in that no evidence was presented to establish that venue was properly in Shelby County.

In Indiana a criminal defendant has a constitutional right to be tried in the county in which the crime was committed. Ind. Const. Art. 1, § 13. To sustain a conviction the record on appeal must show some evidence of proper venue. *Strickland* v. *State* (1909), 171 Ind. 642, 87 N.E. 12. However, the evidence need not be any more direct

or convincing than that required to establish any other essential fact. *Johnson* v. *State* (1957), 236 Ind. 509, 141 N.E.2d 444; *Watts* v. *State* (1950), 229 Ind. 80, 95 N.E.2d 570.

As stated in *Weaver* v. *State* (1963), 243 Ind. 560, 187 N.E.2d 485:

> "Although it is better practice, if possible, to prove the venue by direct evidence, this cannot in all cases be done. It is not necessary that venue be proved by direct evidence established by questions and answers specifically naming the particular county and state in which the offense was alleged to have been committed. It is sufficient if facts and circumstances are shown by the evidence from which the jury may find where the crime was committed." (Citations omitted.) 187 N.E.2d at 487.

In the present case, the victim testified that the defendants drove the car from the town of Needham past Camp Joy, continued a short distance and then stopped. She also stated that the car passed Camp Joy again on the way back. Deputy Sheriff Norman Collins later testified that Camp Joy is in Shelby County and that the Johnson-Shelby County line runs between Needham and Camp Joy.

The inference could properly have been drawn by the jury that a car would be in Shelby County if it travelled east from Needham past Camp Joy. Thus, the evidence was sufficient to satisfy the constitutional requirement that the defendant be tried in the county where the offense was committed.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 317 N.E.2d 900.