CHARLES L. ORMAN v. STATE OF INDIANA.

[No. 1-275A31. Filed August 28, 1975.]

---

*Edgar S. Husted, Husted and Husted,* of Crawfordsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—Charles L. Orman's appeal from a conviction of uttering a forged instrument[1] presents two issues for review:

1. Is the evidence sufficient to prove venue of the offense?
2. Did the trial court err in refusing to give Orman's tendered instruction?

We affirm.

The facts of this case, viewed most favorably to the State, are as follows:

On May 20, 1974, Orman went to the Ranch Supermarket in Crawfordsville, Indiana and successfully presented a check

---

1. IC 1971 35-1-124-1, Ind. Ann. Stat. § 10-2102 (Burns, 1956).

drawn on the account of Edward Servies payable to Orman in the amount of $248.51. The check was a forgery written earlier that day by Dorothy Hallett, Servies' daughter and Orman's fiancee.

On appeal, Orman contends the State failed to prove venue of the offense since no witness testified that the Ranch Supermarket was in Montgomery County, Indiana.

In Indiana, a criminal defendant has a constitutional right to be tried in the county in which the crime was committed. Ind. Const. Art. 1, § 13. To sustain a conviction, the record on appeal must show some evidence of proper venue. *Woodall* v. *State* (1974), 162 Ind. App. 39, 317 N.E.2d 900. However, that evidence need not be any stronger than that required to establish any other essential fact. *Penman* v. *State* (1975), 163 Ind. App. 583, 325 N.E.2d 478.

As stated in *Weaver* v. *State* (1963), 243 Ind. 560, 187 N.E.2d 485 at 487:

> "Although it is better practice, if possible, to prove the venue by direct evidence, this cannot in all cases be done. It is not necessary that venue be proved by direct evidence established by questions and answers specifically naming the particular county and state in which the offense was alleged to have been committed. It is sufficient if facts and circumstances are shown by the evidence from which the jury may find where the crime was committed." (Citations omitted)

In this case, the forged check presented by Orman which was identified at trial by Joseph Utterback, assistant manager of the Ranch Supermarket, and admitted without objection, bore the following endorsement:

> Pay to the Order of the Elston Bank
> & Trust Co..
> Ranch Supermarket
> Crawfordsville, Indiana

This evidence is sufficient to set the locus of the offense in Crawfordsville, Indiana and we can take judicial notice of the

fact that Crawfordsville is located in Montgomery County. *Lindsey* v. *State* (1971), 257 Ind. 78, 272 N.E.2d 458. The evidence is sufficient to prove venue of the offense.

Orman also argues the trial court erred in refusing to give his tendered instruction concerning proof of venue. It is not error to refuse to give a tendered instruction if the substance of that instruction is covered in other instructions which are given. *Fuller* v. *State* (1973), 261 Ind. 376, 304 N.E.2d 305. Since the record in this case does not contain any of the instructions given we cannot determine whether error was committed and thus this issue has been waived. *Galbreath* v. *Engineering Construction Corp.* (1971), 149 Ind. App. 347, 273 N.E.2d 121.

The judgment of the trial court is, therefore, affirmed.

NOTE.—Reported at 332 N.E.2d 818.