ANDREW DAVID QUASSY *v.* STATE OF INDIANA.

[No. 2-275A26. Filed December 11, 1975.]

*Terrence P. Pehler,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Andrew David Quassy (Quassy) appeals from court convictions of rape[1] and sodomy,[2] claiming the State failed to prove venue and insufficient evidence.

We affirm.

## FACTS

The facts and evidence most favorable to the State and the trial court's judgment are as follows:

On June 18, 1974, after leaving work at approximately 6:00 P.M., the victim went to the home of a friend in Marion County, Indiana. When she prepared to leave at approximately 9:00 P.M. the automobile would not run so she telephoned home to advise her mother that she would be late.

Shortly thereafter, Quassy and his cousin arrived on a motorcycle and her friend asked Quassy if he would take the victim home. He consented. However, instead of following the victim's directions to her home, she testified that:

"A. He didn't—he said he was going to turn around at the corner so—he didn't turn around. *He went straight down Shelby and then towards Madison and out by—behind Southern Plaza.*[3]

Q. And what were you doing all this time?

A. I kept telling him he was going the wrong way.

---

1. IC 1971, 35-13-4-3, Ind. Ann. Stat. § 10-4201 (Burns Supp. 1974).
2. IC 1971, 35-1-89-1, Ind. Ann. Stat. § 10-4221 (Burns Supp. 1974).
3. Further testimony established the victim was referring to "Shelby" Street and "Madison" Avenue.

Q. All right. And then you said you got to Southern Plaza was it?

A. Yes.

Q. What happened there?

A. *He drove into this woods* and told me to hold the bike and then he told me to get off and told me if I screamed or tried to run that he would kill me.

Q. So what did you do?

A. I started crying.

Q. And what else?

A. And he—

Q. —what else did you do, —————— [name of victim]? What else did you do?

A. I just cried and got nervous.

Q. O.K. And what happened after that?

A. He grabbed me by my throat and told me if I told anybody that he would kill me and that his cousin saw me, and that if he went to jail that his cousin would get me." (Emphasis supplied.)

Quassy forced the victim to take off her pants and lie down and proceeded to force sexual intercourse upon her. He later grabbed the victim by the back of her hair and also forced her to perform fellatio.

Quassy took the victim to her home in Marion County at approximately 12:30 A.M. on June 19, 1974. Once safely inside she immediately told her parents about the incident. The Indianapolis police were then summoned and the victim was taken to General Hospital where tests revealed the positive presence of spermatozoids.

At trial the victim positively identified Quassy as her assailant even though his hair was cut and he no longer had a moustache.

Quassy was tried without a jury on September 24, 1974, and found guilty on both counts. He was sentenced to a determinate term of ten years for rape and to an indeterminate term of not less than 2 nor more than 14 years for sodomy.

Quassy appeals.

## ISSUES

ISSUE ONE    Did the State fail to prove proper venue?

ISSUE TWO    Was the evidence sufficient to sustain the judgment and convictions of rape and sodomy?

As to ISSUE ONE, Quassy contends the State failed to prove proper venue of the offenses since no witness testified that the location of the crime was in Marion County, Indiana.

The State disagrees.

As to ISSUE TWO, Quassy argues the victim's testimony was impeached to such an extent that standing alone it cannot support the convictions. He stresses that the hospital records of the victim are dated June 18, 1974, instead of June 19 as she testified and that the victim's mother testified she had never seen Quassy except in court while previously testifying she saw the person who drove her daughter home on his motorcycle the night of the crime.

The State excepts and asserts that sufficient evidence does exist to support the court's judgment.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that sufficient evidence was present to support the inference of proper venue.

Venue is an essential element of any criminal charge in Indiana. *See, Woodall* v. *State* (1974), 162 Ind. App. 39, 317 N.E.2d 900; *Strickland* v. *State* (1909), 171 Ind. 642, 87 N.E. 12; Indiana Constitution, Article I, § 13.

As such the State bears the burden of proof and this Court may not reverse a conviction if the record reveals facts and circumstances shown by the evidence (including all reasonable inferences flowing therefrom) from which the trier of fact could reasonably find where the crime was committed. *See, Weaver* v. *State* (1963), 243 Ind. 560, 187 N.E.2d 485, 487; *Woodall* v. *State, supra; Penman* v. *State* (1975), 163 Ind. App. 583, 325 N.E.2d 478, 481.

In this case our Statement of Facts provides sufficient evidence to justify the conclusion that the incident occurred in Marion County.[4] As suggested in *Chatman* v. *State* (1975), 164 Ind. App. 97, 326 N.E.2d 839, the evidence clearly implied to the Marion County trial judge sitting as the trier of fact in the Marion County courthouse that the situs of the crime was within Marion County.

ISSUE TWO

CONCLUSION—It is our opinion that there was sufficient evidence of probative value to support Quassy's convictions.

Quassy attacks only the credibility of the victim's testimony and we do not weigh the evidence or determine credibility of witnesses on appeal. If substantial evidence of probative value was presented at trial on each element of the offenses charged, we must affirm the convictions.

Indiana recognizes a conviction of rape may be sustained solely on the testimony of the prosecuting witness (*see Beard*

---

4. In addition, the following conversation took place during the direct examination of the victim and after she testified to the circumstances of the crime.

"Q. And has anything you testified to occurred in Marion County, Indiana?

A. Yes.

    Court: Did you say "anything" or "everything"?

    Mrs. Porter: "Everything", sir."

      (Counsel

      of record)

v. *State* (1975), 262 Ind. 643, 323 N.E.2d 216) and ▮▮ the same rationale applies to a conviction of sodomy. *Arnett* v. *State,* 155 Ind. App. 82, 291 N.E.2d 376. Therefore in this case, the victim's testimony alone, as set out in our Statement of Facts, provides sufficient evidence to sustain Quassy's convictions.

Affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 338 N.E.2d 283.