CHARLES LEE BUTLER *v.* STATE OF INDIANA

[No. 2-577A155. Filed October 2, 1978.]

*Kenneth R. Cady*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *Charles D. Rodgers*, Deputy Attorney General, for appellee.

YOUNG, J. — Defendant-appellant Charles Lee Butler was charged by information with the offense of Robbery. He was convicted in a trial by jury of the lesser included offense of Assault and Battery with Intent to Commit a Felony, to-wit:  Robbery. Butler was sentenced to an indeterminate period of not less than one nor more than ten years. A Belated Motion to Correct Errors was filed and subsequently overruled. Defendant perfected this appeal.

Appellant alleges the following as errors:

1.  The State failed to prove that the offense alleged was committed within the venue of the court which tried the case, i.e. Marion County.

2.  The conviction is not supported by sufficient evidence and defendant was denied the presumption of innocence because the trier of fact failed to reconcile all the evidence with the theory of innocence.

The facts relevant to appellant's claims are as follows:

The victim, William Overton, states that he was drinking at Holland's Bar which was established as being in the 200 block of North Illinois, Marion County, Indiana. He remembered briefly talking to the defendant, but could not state later that defendant was the one who attacked him. Overton left the bar at 1:00 or 2:00 A.M. and took a taxi cab home. The next thing Overton remembered was being grabbed and knocked down. He states his diamond ring and wallet were taken by two black men. They failed in an attempt to take his watch, but did "skin up" his arm.

Testimony by the cab driver, Larry Bland, disclosed that Overton

boarded his cab at the parking lot next to Holland's Bar. The defendant and another person started to get into the cab with Overton but hailed another cab when Overton demonstrated he did not wish to ride in their company. Overton told Bland to take him home, 1217 New Jersey. In route, Bland noticed a new "Jay" cab on Illinois and later noticed the same "Jay" cab following him. Bland detailed the trip to 1217 New Jersey.[1] He observed the "Jay" cab stop around the corner from where he let Overton out. As Bland collected his fare, he noticed someone coming up through the yards and defendant coming up the sidewalk. Bland felt something was wrong. He left, returned by another street where he saw the "Jay" cab sitting, and then continued around the block to where he let out Overton. With his headlights pointed directly at the porch, he saw defendant and the other person hunched down over Overton on the walkway that came off the porch. The two persons ran off. Bland called the police through his dispatcher and then went to help Overton. Bland told the police that he recognized defendant, having seen him before. Bland was told to call the police if he saw defendant again. Bland saw defendant the next day and radioed the police. The police did not arrest Butler at that time, as no arrest warrant had been filed. Bland later identified Butler from a group of photographs shown to him by the police. A warrant was issued and then defendant Butler arrested.

Appellant first alleges that the State failed to prove venue.

In all criminal prosecutions, the accused shall have the right to trial in the county in which the offense was committed. Ind. Const. art. I,

---

1.  The transcript shows this description of the route taken home:

Well, Mr. Overton, my passenger, told me to take him to twelve seventeen (1217) New Jersey, and I started up Illinois Street.

. . .

[A]nd as I was going up Illinois Street I noticed this cab upon around the eleven, ten hundred block was following us.

And what happened then?

Well, I proceeded to go across Twelfth Street to get over to New Jersey, . . . And when I took him home as I pulled around Twelfth Street onto New Jersey I noticed the cab went on across behind.

§ 13; I.C. (1976) 35-1.1-2-1. This right can be waived by the failure of the accused to make an appropriate objection in the trial court. *Martin v. State* (1966), 247 Ind. 592, 219 N.E.2d 902. In *Quassy v. State* (1975), 167 Ind.App. 205, 338 N.E.2d 283 the Court of Appeals of Indiana, Second District held that:

Venue is an essential element of any criminal charge in Indiana. *See, Woodall v. State* (1974), [162] Ind.App. [39], 317 N.E.2d 900; *Strickland v. State* (1909), 171 Ind. 642, 87 N.E. 12; Indiana Constitution, Article I, § 13.

As such the State bears the burden of proof and this Court may not reverse a conviction if the record reveals facts and circumstances shown by the evidence (including all reasonable inferences flowing therefrom) from which the trier of fact could reasonably find where the crime was committed. *See, Weaver v. State* (1963), 243 Ind. 560, 187 N.E.2d 485, 487; *Woodall v. State, supra; Penman v. State* (1975), [163] Ind.App. [583], 325 N.E.2d 478, 481.

In *Critchlow v. State* (1976), 264 Ind. 458, 346 N.E.2d 591, the Supreme Court of Indiana held there was ample evidence from which the jury could determine that the crimes did occur within the venue alleged. In that case, there was direct evidence in the record that when the victim was approached, she was in a car parked within the county. She testified as to specific streets in the route taken to a specific church where the crime was committed. She also testified to a relatively short lapse of time between when she was abducted and returned to the car.

Although the State failed to prove venue by direct evidence of where the offense occurred, there is sufficient evidence from which the jury could determine that the offense alleged did occur in Marion County, State of Indiana. Overton established that he was drinking at Holland's Bar, Marion County, Indiana. Bland testified to the specific route[2] taken in driving Overton home from the bar. The cab fare was a small amount.[3] Once having established the bar was in Marion County and the detailed route taken to 1217 New Jersey,

---

2. Id.

3. The cab driver stated it was $1.75 or $1.85. The appellee argued that a reasonable inference arises in that a cab fare of $1.85 will not remove one from Indianapolis.

the jury could reasonably infer the crime was committed in Marion County. *See, Orman v. State* (1975), 165 Ind.App. 531, 332 N.E.2d 818; *Penman v. State, supra; Woodall v. State* (1974), 162 Ind.App. 39, 317 N.E.2d 900; *Thompson v. State* (1973), 156 Ind.App. 154, 295 N.E.2d 630.

Secondly appellant alleges that the conviction is not supported by sufficient evidence. The standard of review where the evidence is challenged as being insufficient has often been stated by the Supreme Court.

When the sufficiency of the evidence is raised upon appeal, this Court will consider only the evidence which is favorable to sustain the judgment below, together with all reasonable inferences to be drawn therefrom. If the evidence is such that a reasonable trier of fact could find each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed. *Baum v. State* (1976), [164] Ind. [421], 345 N.E.2d 831. It is not this Court's province to judge the relative weight of the evidence or the credibility of the witnesses. *Rosell v. State* (1976), [265] Ind. [173], 352 N.E.2d 750.

*See, Owens v. State* (1978), 268 Ind. 326, 375 N.E.2d 203; *Hudson v. State* (1978), 268 Ind. 310, 375 N.E.2d 195; *Brandon v. State* (1978), 268 Ind. 150, 374 N.E.2d 504; *Grimm v. State* (1978), 268 Ind. 145, 374 N.E.2d 501.

In this case the victim testified to being grabbed and knocked down by two persons. He testified that they took his diamond ring off his finger, took his wallet from his pocket, took his keys from his pocket but threw them down, and attempted to take his diamond wrist watch scratching his arm in the process. The cab driver testified that he saw the defendant (and another person) hunched down over Overton.

We find that there is evidence sufficient to support the jury verdict of guilty of Assault and Battery with Intent to Commit a Felony to-wit: Robbery. Although defendant was charged with Robbery, Assault and Battery with Intent to Commit a Felony: Robbery is a lesser included offense. *Mickens v. State* (1972), 155 Ind.App. 47, 290 N.E.2d 758. The law of Indiana is well established that an accused may be found guilty of a lesser offense although the major offense was proven. *Widup v. State* (1967), 250 Ind. 1, 230 N.E.2d 767; *Caudill v. State* (1946), 224 Ind. 531, 69 N.E.2d 549; *Duncan v. State* (1975), 166 Ind.App. 302, 335 N.E.2d 827.

We understand appellant's last contention to be that once the jury did not find defendant guilty of the greater offense of robbery, it was illogical for them to find defendant guilty of a lesser included offense. Appellant argues that in doing so the jury failed to reconcile all the evidence with the theory of innocence and defendant was denied the presumption of innocence. He argues that since direct testimony of the robbery was offered and the jury returned a verdict for a lesser offense, they did not believe the direct testimony.

First, appellant's argument that the jury did not believe testimony is asking this court to go beyond its function. Appellant offers an interpretation of the manner by which the jury arrived at its verdict. Our function is not to trace the jury's line of reasoning, but to determine whether there is sufficient evidence to support the verdict of the jury.

Second, appellant has cited cases, including *Goodloe v. State* (1967), 248 Ind. 411, 229 N.E.2d 626 for the proposition that all doubts must be resolved in favor of the innocence of an accused. An accused is presumed innocent throughout the trial. *McKee v. State* (1926), 198 Ind. 590, 154 N.E. 372. He also states that mere opportunity to commit a crime will not overcome the presumption of innocence. *See Sams v. State* (1924), 195 Ind. 497, 145 N.E. 773. We agree with appellant's statement of the law, as far as he goes. We would go farther. The presumption of innocence protects an accused *until his guilt is proved. Gardner v. State* (1951), 229 Ind. 368, 97 N.E.2d 921. *Davis v. State* (1941), 218 Ind. 506, 34 N.E.2d 23. Also the presumption of innocence does not follow defendant on appeal after conviction. *Henderson v. State* (1977), 173 Ind.App. 505, 364 N.E.2d 175.

We have already held that there is sufficient evidence to support the verdict. There being sufficient evidence to support the finding of the trier of fact and in light of the trial court's instruction about the presumption of innocence, this contention fails.[4] He was not denied the presumption of innocence at trial.

---

4.  In *Widup v. State, supra,* appellant therein launches a similar argument in a rape case.

"The jury in this case having refused to find the Appellants guilty of rape, necessarily determine that there was no threat of force, force or the instillation of fear on the prosecuting witness to make the various acts of intercourse the crime of rape. If

The conviction is affirmed.

Lybrook, P.J., concurs (sitting by designation).

Lowdermilk, J., concurs (sitting by designation).

NOTE—Reported at 380 N.E.2d 611.

there was no threat of force, force or coercion upon the prosecuting witness so as to make the Appellants guilty of rape, there necessarily was no threat of force, force or coercion to make the Appellants guilty of assault with intent to commit the crime of rape."

230 N.E.2d at 771.

The Supreme Court of Indiana disposed of the argument by stating that there may be a conviction of assault and battery with intent to commit a felony, although the felony is actually committed. (Citations omitted).