MARTIN ET AL. *v.* STATE OF INDIANA.

[No. 30,773. Filed September 30, 1966.]

*Ferdinand Samper,* of Indianapolis, and *C. Kent Carter,* of Bloomington, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellants and one Chester Hillenburg were tried and convicted of rape in the Monroe Circuit Court, and on March 10, 1961 were sentenced to the Indiana Reformatory for a term of two to twenty-one years.

Appellants thereafter, pursuant to Rules 2-40 and 2-40A, filed a petition for leave to file a belated motion for a new trial, which petition was denied on April 19, 1965. This ruling is before us on a petition for a writ of certiorari from the judgment denying said petition.

Appellants allege that their self-employed counsel who represented the appellants in the trial of said cause were derelict in their preparation of the case by reason of the fact that such counsel failed to determine that the offense for which appellants were charged, tried and convicted actually occurred in Jackson County, although the charge was prosecuted in Monroe County, and under the evidence (which was in conflict) it was determined at the trial that the offense occurred in Monroe County.

A question could be raised as to whether, under the conflict of evidence, a reversible error was properly presented as a matter of law. However, the issue has not been presented to this Court.

The right to be tried in the county where the offense was committed is both a constitutional[1] and a statutory[2] right here in Indiana. However, it has been decided by this Court and the courts of many other jurisdictions that the provision may be waived by a defendant, for example, in asking for a change of venue.

The principles which are controlling of this case were extensively considered in the case of *Brown* v. *State* (1941), 219 Ind. 251, 264, 37 N. E. 2d 73, 78, 79. In that case the

---

1. Ind. Const. Art. 1, § 13.
2. Acts 1905, ch. 169, § 2, p. 584, being Burns' Ind. Stat. Anno. § 9-201 (1956 Repl.)

defendant was also charged and convicted of the crime of rape. The offense was consummated in Union County and the charge was filed in that county. However, as a result of a change of venue which was not properly authorized, the cause was tried in Wayne County. In that case this Court stated:

"The Wayne Circuit Court had general jurisdiction of the subject-matter, the jurisdiction to try such criminal actions. The only question raised by appellant was as to the right of the Wayne Circuit Court to try this particular action when it was alleged that the offense was committed in the adjoining county. Appellant's only question is as to which of two courts of general jurisdiction should try the case. This question does not involve the jurisdiction of the subject-matter, but only the place of the trial, a question of venue. The right to have the case tried in a certain county as guaranteed by the Constitution and statute, was a right personal to the appellant, which he could waive and which, pursuant to the provisions of § 2-1011, Burns' 1933, § 115, Baldwin's 1934, he is deemed to have waived by not having made an appropriate objection in the trial court.

The proviso on this statute to the effect 'that the objection that the action was brought in the wrong county, if not taken by answer or demurrer, shall be deemed to have been waived,' expressly provides for waiver of this type of objection and is just as applicable to a criminal action as are the other provisions of the statute.

We, therefore, hold that the assignment of errors attempting to present for the first time on appeal the objection that the case was tried in the wrong county is unavailing and does not present the question for the determination of this court. . . ." *State v. Jackson* (1918), 187 Ind. 694, 121 N. E. 114; 14 Am. Jur. *Criminal Law* § 233 (1938) ; 1 Bishop, *Criminal Procedure* p. 24 (2nd ed. 1913).

In the present case the question of venue was not raised in the trial court and therefore could not properly have been raised for the first time on appeal. By analogy there is no justification for permitting the issue to be raised by way of a belated motion for new trial. This is especially true in the instant case, since all the witnesses which appellant might have used in his defense resided in Monroe County, and if he believed he could not have a fair

trial in the county, he could have asked for a change of venue, which he did not do. Failure of counsel to file a motion for change of venue is not asserted as constituting evidence of incompetency of counsel.

Thus no reasonable argument can be made that petitioner was prevented from having a fair and impartial trial by reason of the alleged error in the venue of the case.

We conclude therefore, that on the basis of the record before it, the trial court was justified in denying the petition to file a belated motion for a new trial.

The judgment denying the petition to file a belated motion for a new trial is affirmed.

Rakestraw, C. J. and Myers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 902.