REYNOLDS *v.* STATE OF INDIANA.

[No. 1069S226. Filed July 31, 1970.]

*Robert F. Craven,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

HUNTER, C.J.—This is an appeal brought by appellant, Sue Reynolds, from a conviction in the Lawrence Circuit Court for the crime of abandonment of children. Trial was had to the court without the intervention of a jury and upon a finding of guilty as charged, appellant was fined in the sum of one hundred dollars [$100.00] and sentenced to the Lawrence County Jail for a term of thirty [30] days.

A timely motion for new trial was filed and was subsequently overruled by the trial court. Appellant's sole assignment of error presented in her appeal is the overruling of said motion for new trial. More specifically, appellant raises two questions for our determination:

 (1) Did the Lawrence Circuit Court have jurisdiction of the particular case so as to render a valid judgment therein; and

 (2) Was there sufficient evidence to sustain appellant's conviction for the crime charged?

The offense of abandonment of children is found at Ind. Ann. Stat. § 10-813 (1956 Repl.) and the penalty therefor is set out at Ind. Ann. Stat. § 10-815 (1969 Supp.). Appellant was charged by affidavit pursuant to said statutes which affidavit reads in pertinent part as follows:

"... one Wanda Sue Reynolds late of said County, being the mother of two children to wit: Richard Flick, age seven years and Mickey Reynolds, age two years, and having the care, custody and control over said children, did then and there unlawfully and feloniously, willfully abandon and forsake said children and did fail to care for and keep the control and custody of said children so that the said children

were exposed to physical risk without proper and sufficient protection."

The record in this case reveals the following: The defendant, Sue Reynolds, lived with her mother in Orange County near the town of Orleans, Indiana. On the evening of August 21, 1968, at approximately 7:00 P.M., appellant left her home in the company of two male friends taking with her her two sons, Richard Flick and Mickey Reynolds. The record is totally devoid of any indication as to where appellant was going on that evening, or as to what she had done during the next fourteen hours. Furthermore there is nothing in the record to indicate that appellant had gone to Lawrence County or had been there at anytime during the evening of August 21st or the early morning hours of August 22nd.

Between 1:30 and 2:00 A.M. on August 22nd, the appellant's two sons Mickey and Richard wandered unaccompanied into Mom's Truck Stop located on State Road 60 in Lawrence County, Indiana. According to the testimony of witnesses, the physical condition of the boys was bad. They were dressed very scantily, one in "training pants" and the other in "little short pants". Both were quite filthy. The 2 year old boy, Mickey Reynolds had defecated on himself and was covered with excrement over a large part of his body.

An employee of Mom's Truck Stop on duty at the time the boys arrived, Loretta Edmonson, testified that she sat the boys down in a booth and fed them. The boys remained at the truck stop until approximately 9 A.M. that morning at which time the state police were summoned to pick them up. They were taken by State Policeman James E. Richardson to the Lawrence County Jail where they were turned over to a caseworker of the Lawrence County Department of Public Welfare who took the children to a licensed foster home operated by the Department.

At no time during the time the two boys were at the truck stop did the appellant or anyone else make inquiry as to their

whereabouts. At approximately 9:30 A.M., on the morning in question after the State Police had taken the boys away, appellant entered Mom's Truck Stop looking for them. According to witnesses she appeared "distraught and concerned" over the plight of the children when she finally located them at the Lawrence County Jail.

Appellant's first allegation of error deals with the validity of the jurisdiction of the Lawrence Circuit Court. It is her contention that since there is no evidence whatsoever placing her in Lawrence County at anytime preceding the events in question, she could not be tried in that county. If appellant did in fact commit the crime of child abandonment, it must have occurred in Orange County and not Lawrence County. The fact that the children walked into a truck stop restaurant in a nearby county, appellant argues, does not, in and of itself establish that she ever committed any offense in that county. Appellant bases her allegation of error on Ind. Const., Art. I, § 13, which reads:

> "Rights of accused.—In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, *in the county in which the offense shall have been committed* . . ." (our emphasis)

and on Ind. Ann. Stat. § 9-201 (1956 Repl.) which reads:

> "Place of trial.—Every criminal action shall be tried publicly in the county in which the offense shall have been committed, except as otherwise provided in this act."

It is well settled that the question as to which of two courts of general jurisdiction should try a crime does not involve the jurisdiction of the subject matter, but only the place of trial. It is a question of venue and it may be waived by the defendant. *Brown* v. *State* (1941), 219 Ind. 251, 37 N. E. 2d 73; *Rogers* v. *State* (1949), 227 Ind. 709, 88 N. E. 2d 755; *Green* v. *State* (1952), 230 Ind. 400, 103 N. E. 2d 429; *Martin* v. *State* (1966), 247 Ind. 592, 219 N. E. 2d 902. In this case appellant objected to the venue of the Lawrence Circuit Court for the first time in her motion for new

trial. In Indiana the objection that the action was brought in the wrong county, if not raised by answer or demurrer, shall be deemed to be waived. Ind. Ann. Stat. § 2-1011 (1967 Repl.) *; *Brown* v. *State, supra; Martin* v. *State, supra.* It is quite clear that appellant in this case has failed to object to venue in a timely manner and therefore her objection thereto must fail.

The second allegation of error advanced by appellant is that there is insufficient evidence to support a conviction for the crime charged. Essentially appellant urges that the mere fact that her two children wandered into a restaurant late at night alone and dirty, without any other evidence, is insufficient as a matter of law to prove her guilty beyond a reasonable doubt of the offense of child abandonment.

It is clear from the above-recited summary of the record, that appellant's conviction is based wholly on circumstantial evidence. There is no direct evidence in this case as to conduct on the part of appellant tending to show acts of abandonment or which show a failure to care for and keep control over her children.

In fact all of the testimony in the record regarding appellant's care and treatment of her children prior to the above-recited events was favorable. Several witnesses testified that appellant fed, clothed and cared for her children in a kindly and responsible manner. There is no indication from the record of any history of child abuse or abandonment on the part of appellant nor any indication that she has been involved in prior episodes of neglect.

In cases where the evidence upon which a conviction is based is wholly circumstantial, it is well settled that the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the assumption of innocence of the appellant. *Easton* v. *State*

---

* This section although in effect and applicable to this case, has been repealed, effective January 1, 1970, by Acts 1969, ch. 191, § 3.

(1967), 248 Ind. 338, 228 N. E. 2d 689. This court stated in *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, that:

> "Thus it is clear that where the evidence is wholly circumstantial and fails to exclude every reasonable hypothesis of innocence such evidence is not sufficiently persuasive to allow a reasonable man to find the accused guilty beyond a reasonable doubt and such a finding of guilty cannot stand." 250 Ind. at 79.

In this case, appellant's children in some unexplained manner, arrived at Mom's Truck Stop at 2:00 A.M. tired, dirty and hungry. The trial court must necessarily have inferred from this evidence alone that appellant unlawfully, feloniously and wilfuly abandoned and forsook her children and did fail to care for and keep control of them so as to protect them from physical risk. We believe that the statute [§ 10-815, *supra*] requires more evidence than this to sustain a conviction.

The crime of abandonment of children is a serious one. In 1963 the Indiana General Assembly saw fit to amend the penalty therefor to make it a felony. § 10-815, *supra*. It is unreasonable to assume that the legislature intended that a parent should be convicted of a felony solely on evidence indicating that his child is found lost or wandering, not in the custody of the parent. The frequency of straying or lost children is a common though unfortunate phenomenon of our daily lives. It is impossible to conceive that it was the legislature's intention to brand and convict as felons the countless numbers of parents who endure the disquieting experience of losing a child.

In short, we are constrained to hold that the evidence of child abandonment presented by the record in this case is insufficient as a matter of law to sustain appellant's conviction. It is clear that the circumstantial evidence presented fails to exclude the very reasonable hypothesis that the Reynolds children were lost rather than abandoned or forsaken.

The judgment of the trial court should be reversed with instructions to grant appellant's motion for a new trial.

Judgment reversed.

Arterburn, DeBruler and Givan, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 260 N. E. 2d 793.