**David B. SPOONMORE,
Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 2–480A95.

Court of Appeals of Indiana,
First District.

Sept. 30, 1980.

Donald H. Dunnuck, Muncie, for defendant–appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for plaintiff–appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

This is an appeal by the defendant–appellant, David B. Spoonmore (Spoonmore), from a conviction of rape by a jury in the Delaware Circuit Court.

We affirm.

### ISSUES

Spoonmore raises two issues on this appeal. First, he alleges that the State failed to prove venue, and second, he alleges insufficiency of the evidence.

### STATEMENT OF THE FACTS

The evidence most favorable to support the conviction, as stated by the prosecutrix, discloses that on May 24, 1977, at approximately 12:00 o'clock midnight, the prosecutrix was walking down Madison Street in Muncie, Delaware County, Indiana. A car owned by Spoonmore and driven by John Markwell, with Spoonmore as a passenger, pulled up to the curb and the men asked the prosecutrix if she wanted a ride. She declined, but the two men persisted. Finally Spoonmore jumped from the car and pushed the prosecutrix into the back seat, and the two men drove off. The prosecutrix demanded her release, but the men continued their course and eventually parked in the parking lot of Southside High

School. At this point Markwell got into the back seat with the prosecutrix, pushed her down in the seat, and told Spoonmore to drive out in the country, which Spoonmore did. As Spoonmore drove Markwell began forcefully tearing off the prosecutrix's clothing. Although five feet tall and weighing 80 pounds, she resisted, but to no avail. In the process of the scuffle, she bit and scratched Markwell; he choked her, slapped and beat her, and pulled her hair. The men drove into Henry County where the car ran out of gasoline. There both men forcibly, and against her will, took turns having sexual intercourse with the prosecutrix. She testified to the requisite penetration. When rescued, she was hysterical.

## DISCUSSION AND DECISION

*Issue I. Venue*

Spoonmore argues that the State did not prove venue in Delaware County. The record discloses that Spoonmore did not raise the question of venue until he did so in his motion to correct errors. In *Reynolds v. State*, (1970) 254 Ind. 478, 260 N.E.2d 793, our Supreme Court held that the failure to raise the question of venue at the trial effected a waiver of that issue. The court said in 254 Ind. at 481, 260 N.E.2d 793:

"It is well settled that the question as to which of the two courts of general jurisdiction should try a crime does not involve the jurisdiction of the subject matter, but only the place of trial. It is a question of venue and it may be waived by the defendant." (Citations omitted.)

*Reynolds, supra,* was a rape case with facts similar to these, where the location was not exactly known. Spoonmore cites *Quassy v. State*, (1975), 167 Ind.App. 205, 338 N.E.2d 283, and *Woodall v. State*, (1974) 162 Ind.App. 39, 317 N.E.2d 900, as authority that the question of venue can be raised for the first time in the motion to correct errors. A reading of those cases discloses no such holding; they concerned only the sufficiency of evidence of venue. Our research has discovered no authority overruling *Reynolds, supra.*

■ Whether it was waived or not, Spoonmore's contention is without merit. Our venue statute is Ind. Code 35–1.1–2–1 (Supp.1980) which provides, in relevant part, as follows:

"(d) If the commission of an offense is commenced in one county and is consummated in another county, trial may be had in either of the counties."

This statute was applied in *French v. State*, (1977) 266 Ind. 276, 362 N.E.2d 834. There the defendant was charged in Madison County with first degree murder while engaged in a kidnapping, kidnapping, commission of a felony (robbery) while armed, commission of a felony (rape) while armed, and carrying a handgun without a license. The facts in *French* showed that the defendant robbed a grocery store in Madison County where he kidnapped a girl, and that he killed her in Hamilton County. The court held that the basis for venue was sufficient under the statute for the murder trial, and the trial court did not err in refusing to transfer the murder case to Hamilton County. The court said in 362 N.E.2d at 839:

"The evidence in this case showed that the robbery, abduction, sexual attacks, and murder charged were all integrally related. One act led to another in what, for purposes of venue, may be considered a single chain of events."

In the instant case the abduction, abuse and tearing off of the prosecutrix's clothing commenced in Delaware County, but the rape was consummated in Henry County. Spoonmore was a principal to the entire matter. Under the authority of *French, supra,* the acts of Spoonmore and Markwell constituted a "single chain of events," and the basis for venue in Delaware County was sufficient.

*Issue II. Sufficiency of the evidence*

Where insufficiency of the evidence is in issue, this court will neither reweigh the evidence nor judge the credibility of the witnesses. Rather we look to the evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. *Coonan v. State*, (1978) Ind., 382

N.E.2d 157. If there is evidence of probative value to support the conclusion of the trier of fact, the conviction will not be set aside. *Bryant v. State*, (1978) Ind., 376 N.E.2d 1123.

Spoonmore invites us to reweigh the evidence. We decline. The uncorroborated testimony of the victim is sufficient to support a conviction of rape. *Riddle v. State*, (1980) Ind., 402 N.E.2d 958. Proof of the slightest degree of penetration is sufficient. *Allbritten v. State*, (1974) 262 Ind. 452, 317 N.E.2d 854. Ejaculation is not necessary to sustain the conviction. *Lynch v. State*, (1974) 262 Ind. 360, 316 N.E.2d 372. Our statute defining rape at the time of this offense was Ind. Code 35–13–4–3[1] and is, in relevant part, as follows:

> "Whoever has carnal knowledge of a woman forcibly against her will . . . is guilty of rape. . . ."

Here, the evidence condensed above under the Statement of the Facts shows forcible sexual intercourse against the victim's will. Spoonmore has selected bits and pieces of evidence which he contends favor his innocence and then uses them to characterize the testimony of the prosecutrix as weak and equivocal. A reading of the complete transcript does not so inspire us. There was more than adequate evidence to sustain the conviction. Therefore, pursuant to our standard of review, this cause is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.

---

1. For present law, see Ind. Code 35–42–4–1 (Supp.1980).