Wanda SCALF, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee.

No. 2–1179A355.

Court of Appeals of Indiana, Second District.

Aug. 26, 1981.
Rehearing Denied October 5, 1981.

---

1. Probably less than 5%.

Ronald K. Smith, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Following trial by jury, Wanda Scalf was found guilty of forgery.[1] The evidence most favorable to the judgment discloses that Scalf passed bank draft No. 676393 which had been stolen from Ryder Truck Lines, Inc. in Muncie, Indiana and which bore an unauthorized signature made by an accomplice and which was tendered by Scalf at a supermarket or food store. Scalf was photographed at the time along with the draft drawn in the amount of $257 payable to Wanda Buchanan, a name by which Scalf was also known.

She appeals the conviction asserting the following as error:

I. Overruling of her Motions for Discharge[2] on grounds that the evidence was insufficient;

II. Denial of her Motion in Limine and her Motion, in the alternative, for a continuance;

III. Admission of certain exhibits; and

IV. Improper closing argument by the prosecuting attorney.

---

1. I.C. 35–43–5–2 (Burns Code Ed.Supp.1978).

2. The Motions for Discharge were in fact T.R. 50 Motions for Judgment on the Evidence made at the conclusion of the State's evidence and at the conclusion of all the evidence.

## I.

■ Scalf's argument concerning her Motions for Discharge amount to an argument that the evidence is insufficient. The testimony of record, the demonstrative and photographic evidence, and defendant's own statement clearly establish that Check # 676393 was stolen from Ryder Truck Lines, Inc., was thereafter signed by an unauthorized accomplice made payable in the sum of $257 to Wanda Buchanan, a name by which Scalf was also known and was passed by Scalf at a food store known as Ross's Pac-a-Value. The attempt by Scalf to deter us by asserting that the evidence did not prove venue is unavailing. She presents this issue for the first time on appeal presumably under the auspices of Ind.Rules of Procedure, Trial Rule 50(A)(5) which has been held to provide that:

> "[T]he sufficiency of the evidence to support a conviction may be raised for the first time on appeal in criminal cases." McGowan v. State (1977) 267 Ind. 16, 366 N.E.2d 1164.

■ We note that the McGowan case speaks with reference to the conviction. A conviction in this sense is not dependent upon the formal judgment which includes the collateral imposition of sentence as well as the determination of guilt. We are aided in this conclusion by State ex rel. Stiles v. Hendricks Circuit Court (1972) 258 Ind. 318, 281 N.E.2d 89, which observes that the pronouncement of sentence necessarily follows "after conviction." It is clear in this context that a conviction is quite simply the determination that the defendant is guilty of the crime charged or a lesser offense. See People v. Spears (1967) 83 Ill.App.2d 18, 226 N.E.2d 67; Bubar v. Dizdar (1953) 240 Minn. 26, 60 N.W.2d 77; State v. Carlyle (1978) 19 Wash.App. 450, 576 P.2d 408. The term therefore relates only to the elements of the particular crime involved and not to venue, which is a collateral matter.

■ To be sure, if properly preserved by inclusion in the Motion to Correct Error, the failure of the State to prove venue must result in reversal of the conviction. Strickland v. State (1909) 171 Ind. 642, 87 N.E. 12; Woodall v. State (1st Dist. 1974) 162 Ind. App. 39, 317 N.E.2d 900. But as our Supreme Court held in Sizemore v. State (1979) Ind., 395 N.E.2d 783, venue does not go to the guilt or innocence of the accused. We must therefore conclude that venue is not a fact bearing upon guilt or innocence upon which the evidence must be sufficient "to support a conviction" within the purview of T.R. 50(A)(5).

It is noted that our Supreme Court held in a criminal appeal, Reynolds v. State (1970) 254 Ind. 478, 260 N.E.2d 793, that a civil procedure statute requiring venue to be challenged by "answer or demurrer" was applicable and that an allegation of improper venue made for the first time in the motion for new trial was not timely. The Reynolds case was followed by the First District of this Court in Spoonmore v. State (1st Dist. 1980) Ind.App., 411 N.E.2d 146. These cases would presumably require at present that if venue is not challenged by a T.R. 41 Motion for Involuntary Dismissal or a T.R. 50 Motion for Judgment on the Evidence the issue is waived.

Accordingly, because the venue issue was not preserved by timely challenge or by Scalf's Motion to Correct Errors, it is waived.[3]

## II.

■ Defendant's Motion in Limine and alternative Motion for Continuance was premised largely upon belated discovery production of materials which, upon cursory examination would have been disclosed to be unrelated to the prosecution of Scalf. We find no error in denying a Motion in Limine or a continuance sought with respect to evidence not offered at trial by the

---

3. In any event, Exhibit D, the film carton or container used to send the film to Regiscope, Inc. for developing bore a return address of:

    Ross South # 5
    3801 So. Walnut

    Muncie, Indiana
This exhibit, absent evidence to the contrary, may be deemed sufficient to establish venue by a preponderance of the evidence. Sizemore v. State, supra.

prosecution. To the extent, however, that the Motion in Limine was directed to purported statements made by defendant and to testimony of witnesses whose names were not provided the defense until three days prior to trial, a different question is presented.

■ Two written waivers signed by Scalf and the statement made by defendant to the police were admitted over objection that they had been produced only three days before trial in violation of the court's prior discovery order and that there was insufficient time to prepare with reference to them. Substantially the same objection was made to the testimony of the witnesses.

The assertion of appellant is rejected, for at the conclusion of the hearing on her Motion in Limine, the court specifically offered the defense a continuance for the purpose of interviewing the two witnesses and presumably also for the purpose of investigating the circumstances surrounding the giving of Scalf's statement. Failure of Scalf to avail herself of the continuance which was sought as an alternative to exclusion of the evidence precludes successful assertion of error. *See Cameron v. State* (1980) Ind., 412 N.E.2d 1194.

### III.

■ Scalf objected to the admission of Exhibit B, the Regiscope photograph of the check and of herself on grounds "that an improper foundation had been laid" because there are two separate pictures on the exhibit and could have been made to appear on the same printed photograph in any number of ways. Scalf additionally objected to lack of relevancy and failure to show a sufficient chain of custody.

We note that the witness, Dixie Farris, testified that the Exhibit contained "a true and accurate representation of the way the check looked at the time [the witness] cashed it." She also testified on cross examination that the photograph of the person tendering the check is imprinted at the same time and with just one click of the camera. Dorothy Statom testified concerning the manner in which the camera was

activated and the film removed and sent for developing and returned by Regiscope. John Pauley, a Regiscope Co. employee demonstrated and described the use of a camera of the type which produced Exhibit B. He also described the method whereby film is received, developed and returned to the requesting customer. He identified the particular container in which the film in question was mailed to Regiscope for developing (Exhibit D). He also identified the particular film from the witness stand as "still intact" from the time received and developed.

This testimony is more than adequate to establish the foundation for the admissibility and the unlikelihood of tampering or alteration of Exhibit B. *Murry v. State* (2d Dist. 1979) Ind.App., 385 N.E.2d 469.

The sole objection to Exhibits A (the bank draft uttered), D (a film carton or container), and E (a spool of film) was "on grounds of relevancy." Such objection is too general to require discussion upon appellate review. *O'Conner v. State* (1980) Ind., 399 N.E.2d 364.

■ A relevancy objection to Exhibit C, a camera identified by a Regiscope employee as the type used to take the photograph in question, Exhibit B, was overruled. Although the objection was general in nature we note that an exhibit need not be the identical object involved in the matter under trial. *Snodgrass v. State* (1980) Ind., 402 N.E.2d 1235. The witness' identification of Exhibit C as the same type camera as that used and still located at the grocery store was sufficient to establish relevancy and was justification for admission of Exhibit C rather than the camera which actually took the photograph.

### IV.

■ Scalf argues that the following portion of the record demonstrates that the prosecutor's closing argument was improper and entitles her to reversal:

"I would like to say in final summation that I have a great deal of respect for my opponent in Court today. She has done a

super job. I do find it interesting to know that one thing she doesn't do and probably one of the reasons why I respect her is she didn't stand here and scramble things and tell you that her client wasn't guilty. I don't know if you noticed that or not. She did not say my client is not guilty. She gave you all the—

IRMA HAMPTON NAVE: Your Honor, I believe the records show that she entered a plea of not guilty by virtue that is exactly what has been said since the very beginning.

THE COURT: This is final argument. Mr. Reed can pursue what he wishes. The jury can—"

The prosecutorial remarks were highly improper. *Lynch v. State* (1974) 262 Ind. 360, 316 N.E.2d 372. However, we do not construe the immediate oral response by Scalf's counsel to constitute the objection or request for mistrial or admonishment of the jury necessary for preservation of error. *Lyda v. State* (1979) Ind., 395 N.E.2d 776. Nor was the comment so egregious as to place Scalf in "grave peril" of an otherwise unwarranted conviction. *Washington v. State* (1979) Ind., 390 N.E.2d 983. To be sure, the trial court was in error in opining that the prosecutor could "pursue what he wishes" in this regard and the court should have sua sponte admonished the jury to disregard the comment. Nevertheless the court's failure to do so does not rise to the level of reversible error. In the context of the trial, the remark was clearly non-evidentiary and was undoubtedly considered by the jury to be merely the prosecutor's disagreement with Scalf's closing argument to the effect that the State had failed to prove guilt. *See Pavone v. State* (1980) Ind., 402 N.E.2d 976; *Phelps v. State* (1977) 266 Ind. 66, 360 N.E.2d 191. In light of the overwhelming evidence supporting the conviction, we see no basis for reversal. *Cummings v. State* (1979) Ind., 384 N.E.2d 605.

The judgment is affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.