**Darrel Loyd BURGESS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 982S333.

Supreme Court of Indiana.

April 17, 1984.

Rehearing Denied June 22, 1984.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Darrel Loyd Burgess, was convicted by a jury of attempted mur-

der, a Class A felony, Ind.Code § 35–42–1– 1(1) (Burns 1979 Repl.), Ind.Code § 35–41– 5–1 (Burns 1979 Repl.), and of carrying a handgun without a license, a Class A misdemeanor, Ind.Code § 35–23–4.1–3 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for a term of thirty years. His direct appeal to this Court raises the following eight issues:

1. Whether defendant's conviction must be vacated because the charging information fails to allege that defendant shot the victim intentionally;

2. Whether the evidence was sufficient to establish proper venue;

3. Whether there was sufficient evidence to sustain defendant's conviction of attempted murder and carrying a handgun without a license;

4. Whether the trial court erred in not postponing defendant's trial due to the absence of a defense witness;

5. Whether the trial court erred in restricting the scope of defense counsel's cross-examination of a state's witness;

6. Whether defendant was denied a fair trial by the prosecutor's use of the word "confession" in describing a statement made by defendant;

7. Whether the trial court erred in refusing to accept defendant's tendered final instruction No. 4; and

8. Whether defendant's sentence of thirty years for attempted murder is manifestly unreasonable.

A summary of the facts from the record most favorable to the state shows that on July 25, 1981, defendant and a friend, Donald Bailey, were camping at the Gosport Fishing Club near Gosport, Indiana. Upon hearing what appeared to be gunshots coming from a nearby campsite, they decided to investigate the source of the sounds. Before leaving, however, defendant armed himself with a .25 caliber Baretta automatic pistol and a single shot .22 caliber Savage rifle. Bailey also armed himself with a .25 caliber Titan automatic pistol and a .22 caliber lever-action Marlin rifle. Both men then proceeded to walk to a nearby

campsite where the shots appeared to originate from. Upon their arrival, two other men approached them and asked if there was some problem. Defendant told the men that the gunshots were upsetting several members of his group and that they should stop the shooting immediately. One of the two men, Kenny Patton, the victim, replied that the sounds defendant heard were merely firecrackers and should cause no alarm. Patton further explained that his party had paid rent for the lot, were bothering no one, and that defendant should "get the hell off" [the land]. Patton continued to shout at defendant. Patton had noticed that both defendant and Bailey were heavily armed and told defendant that he would take the rifle and shove it down his throat and that he would take the other rifle and shove it "up his ass." Defendant then turned, came up with his right hand and a shot rang out from the handgun striking Patton in the head and causing Patton extremely serious bodily injury. Defendant then left for a nearby tavern from where he notified the authorities about the shooting.

### I.

■ Defendant first contends that his conviction for attempted murder should be vacated because the charging information merely alleges that defendant "knowingly" shot Patton and fails to allege that defendant "intentionally" shot Patton. It is true that in Indiana the crime of attempted murder is a specific intent crime and that a conviction will not stand unless there is some evidence that the crime was committed intentionally. *Norris v. State*, (1981) Ind., 419 N.E.2d 129.

■ However, defendant concedes that this issue was not raised prior to trial or in his Motion to Correct Errors. Nevertheless, he urges that review of this alleged error is appropriate under the fundamental error doctrine. He cites *Moon v. State*, (1977) 267 Ind. 27, 366 N.E.2d 1168, in support of his contention. The defendant in *Moon*, pursuant to a plea agreement,

had pleaded guilty to armed kidnapping. After he was sentenced, he appealed, seeking credit against his sentence for time spent in prison on a sentence for a separate conviction which he was serving at the time of the crime to which he pleaded guilty. We observed, however, that no such crime as armed kidnapping was possible under Indiana's statutory scheme. We therefore vacated defendant's sentence, stating that a conviction of a nonexistent crime constitutes fundamental error. Defendant's reliance on *Moon* is entirely misplaced. Unlike the defendant in *Moon,* defendant here was charged with and convicted of an existent crime, attempted murder. Merely because each and every element of a particular offense might be absent from the information does not render the crime itself nonexistent. Defendant's contention in effect is a challenge to the sufficiency of the charging information. As such, the issue is governed by our decision in *Brown v. State,* (1982) Ind., 442 N.E.2d 1109, where we held that in Indiana a challenge to the sufficiency of an indictment or information is governed by statutory provisions and must be made by a motion to dismiss prior to arraignment and plea or any error in this regard is waived. Ind.Code § 35–3.1–1–4(a)(9) (Burns 1979 Repl.). Again we note that defendant here raises this issue for the first time on appeal. We therefore find that the sufficiency of the charging information is not before us on this appeal.

## II.

■ Defendant next contends that the state failed to establish proper venue in Owen County, Indiana. The record discloses that defendant did not raise the question of venue until he did so in his Motion to Correct Errors. In *Reynolds v. State,* (1970) 254 Ind. 478, 260 N.E.2d 793, we held that a civil procedure statute was applicable and that an allegation of improper venue made for the first time in the motion for a new trial was not timely. We stated in *Reynolds,* 260 N.E.2d at 795:

> "It is well settled that the question as to which of two courts of general jurisdiction should try a crime does not involve

the jurisdiction of the subject matter, but only the place of trial. It is a question of venue and it may be waived by the defendant."

Even though the particular statute relied upon by this Court in *Reynolds* has been repealed, the rationale of that decision is still applicable to the venue provisions in effect at the time of this case. *See, e.g., Scalf v. State,* (1981) Ind.App., 424 N.E.2d 1084; *Spoonmore v. State,* (1980) Ind.App., 411 N.E.2d 146. Accordingly, because defendant failed to raise the venue issue by appropriate motion at trial, it is waived.

## III.

Defendant here alleges that there was insufficient evidence to sustain his conviction of attempted murder and carrying a handgun without a license. He asserts there was no evidence to support the conclusion that he acted with the specific intent to commit murder. His challenge to the conviction for carrying a handgun without a license is predicated on the argument that he carried the weapon in his place of abode and therefore did not violate the statute.

■ It is well settled that when the Court is confronted with a challenge to the sufficiency of the evidence, we may not weigh the evidence nor judge the credibility of witnesses. Rather, we are required as an appellate tribunal to examine the evidence most favorable to the fact-finder's conclusion, together with reasonable inferences which may be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact-finder's conclusion that defendant was guilty beyond a reasonable doubt, it will not be disturbed. *Easley v. State,* (1981) Ind., 427 N.E.2d 435; *Henderson v. State,* (1976) 264 Ind. 334, 343 N.E.2d 776. We apply this standard whether the evidence is direct or circumstantial in nature. *Easley v. State,* 427 N.E.2d at 437; *Ruetz v. State,* (1978) 268 Ind. 42, 373 N.E.2d 152.

In two separate statements to police officers, defendant claimed that the shooting

was an accident. He maintained that he raised the gun to Patton's head only to scare him and that the gun fired accidentally. Donald Bailey testified that defendant had the handgun for some time and was familiar with using it. There also was testimony from Robert Conley, a firearms expert with the Indiana State Police, that the handgun used by defendant in this incident could only be fired by pulling back on the trigger with a force in excess of six pounds. He further stated that his examination and testing of the handgun revealed no functional defects in the weapon.

■ This evidence is sufficient to support the jury's conclusion that defendant was guilty of attempted murder. The use of a weapon in a manner likely to cause death or great bodily harm may be sufficient to establish a defendant's intent to commit murder. *Scott v. State*, (1980) Ind., 413 N.E.2d 902; *Zickefoose v. State*, (1979) 270 Ind. 618, 388 N.E.2d 507. The jury was not bound to accept defendant's theory that the gun fired accidentally. Furthermore, it is well established that dependent upon the circumstances the intent to murder may occur as instantaneously as successive thoughts. *Morris v. State*, (1979) 270 Ind. 245, 384 N.E.2d 1022; *Rogers v. State*, (1979) 270 Ind. 189, 383 N.E.2d 1035. The evidence is sufficient to support the jury's conclusion that defendant's possession and use of a handgun constituted a substantial step toward the commission of murder which was coupled with the intent requisite to the crime.

■ We also find the evidence sufficient to support the defendant's conviction for carrying a handgun without a license. Defendant concedes that he did carry a handgun on his person without a handgun permit. He argues, however, that he is excepted from the statute's coverage because he was in his "place of abode." Ind. Code § 35–23–4.1–3 [repealed]. The argument is meritless. Ind.Code § 35–23–4.1–1 [repealed] defines place of abode as "a place of residence which is more than temporary in nature and to which the dweller, when absent, intends to return." The record here shows that the Gosport Fishing Club, where the shooting occurred, was owned and operated by persons other than defendant. There is no evidence at all that the fishing club was defendant's place of residence. The evidence clearly was sufficient to support defendant's conviction of carrying a handgun without a license.

## IV.

■ Defendant also contends that the trial court should have granted a continuance to allow him to call a necessary witness. He had attempted to subpoena this witness but was unable to do so properly because his private investigator provided an incorrect address for the witness. Here defendant concedes that the record does not disclose either that a motion for continuance was ever made or that defendant followed the procedures for postponement of a trial because of an absent witness. Under such circumstances, we simply note that in Indiana it is not error for a trial court to fail to grant a continuance which was never requested. *Brown v. State*, (1979) 270 Ind. 399, 385 N.E.2d 1148. There was no trial court error on this issue.

## V.

■ Defendant next contends that the trial court erred in restricting the scope of his cross-examination of the state's firearms expert witness. To support his theory that the gun fired accidentally, defendant sought to elicit testimony from the witness that due to its design, a .25 caliber *automatic* weapon (type used in this case) was more prone to accidental discharge than a .25 caliber revolver. The trial court sustained the state's objection to this inquiry and limited defendant's questioning to the particular type gun used in this incident. There was no testimony from the expert witness about revolvers or any other semi-automatic weapon on direct examination. We first note, and defendant concedes, that the trial court has broad discretion to control the conduct of cross-examination. *Strickland v. State*, (1977) 265 Ind. 664, 359 N.E.2d 244; *Jones v. State*,

(1982) Ind.App., 435 N.E.2d 616. This exercise of discretion will only be reviewed for abuse. *Strickland*, 359 N.E.2d at 249. We do not believe the trial court abused its discretion here. While the propensity for accidental discharge of the automatic weapon used in this incident is indeed relevant to defendant's defense, the chances of accidental discharge of a revolver are not. The trial court allowed defendant to extensively cross-examine the expert witness about the automatic weapon. Furthermore, defendant has failed to show that the court's action prejudiced him in any way. The excluded testimony was merely cumulative of another state witness's testimony on cross-examination that generally a revolver is safer than an automatic weapon. We find no trial court error here.

## VI.

Defendant alleges here that the prosecutor made an improper remark during trial and that this remark denied him a fair trial. He argues that the prosecutor's use of the word "confession" while attempting to have introduced into evidence a tape recording of defendant's statement made following the incident placed him in a position of grave peril to which he should not have been subjected. There is no merit in this contention. Even if we assume that defendant's statement did not amount to a confession, the prosecutor's use of the word "confession" did not place defendant in a position of grave peril because the record shows the prosecutor's remark was made in a closed hearing outside the jury's presence. When state witnesses later testified about defendant's statement in front of the jury, neither the prosecutor nor any witness ever referred to defendant's statement as a "confession." Accordingly, we find no trial court error here.

## VII.

Defendant next contends that the trial court erred in refusing his tendered instruction No. 4 which reads as follows:

"I instruct you that a person who commits a Class A Felony shall be imprisoned for a fixed term of thirty (30) years, with not more than twenty (20) years added for aggravating circumstances or not more than ten (10) years subtracted for mitigating circumstances; in addition, he may be fined not more than Ten Thousand Dollars ($10,000.00)."

Defendant acknowledges that in Indiana juries no longer fulfill any function regarding sentencing, and therefore the amount of penalty prescribed by the legislature is irrelevant to their deliberations. *Debose v. State*, (1979) 270 Ind. 675, 389 N.E.2d 272. Nevertheless, he urges this Court to reconsider and overrule such precedent. We are not so inclined. Defendant here has failed to present any argument or authority to persuade this Court that the accused in a criminal prosecution has a right to have the jury informed as to potential penalties where the jury does not engage in the sentencing determination.

## VIII.

Defendant finally urges this Court to revise his sentence of thirty years for attempted murder. Although this Court has the authority to revise sentences, Ind.R.Ap.Rev.Sen. 1, we "will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Rule 2. "A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed." Rule 2.

At the sentencing hearing evidence was presented by both the defendant and the state regarding the propriety of imposing an increased or decreased term of imprisonment. The trial court found that "the mitigating and aggravating circumstances are of equal weight and that the presumptive sentence [thirty years] should be invoked in this case." When a court imposes the basic sentence embodied within a particular criminal statute, this Court will presume that the mandatory considerations were made by the judge, even if the record lacks speci-

ficity in enumerating those considerations. *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513. The record here clearly supports the sentence imposed considering the nature and circumstances of the crime committed and the character of the person. Therefore, we could not conclude that the sentence is manifestly unreasonable.

For all the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.