**Marcelle K. WILLIAMS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 685S238.**

Supreme Court of Indiana.

Nov. 22, 1985.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Marcelle Williams was tried by jury and convicted of Attempted Murder, a Class A felony, and Robbery, as a Class B felony. He appeals both convictions on the basis that there was insufficient evidence. We affirm.

The evidence most favorable to the judgment below showed that on the evening of September 1, 1983, Michelle Carley was working at a self-service gas station in Highland, Indiana, when a customer in a blue car took off without paying. Carley called the police to report the incident. While a squad car was on its way, two boys approached the booth where Carley was working; both pulled guns and announced a robbery. One of the boys held the gun on Carley while the other reached through the window and took paper money from the register.

About this time, Officer Richard Segally of the Highland Police arrived in his squad car and the two robbers departed at a run. Carley told the officer she had been robbed and he drove off in pursuit of the two. Chasing them down the street, across an open field and into an area behind a local business, Segally located the suspects lying on the ground. As the officer got within about thirty feet, appellant stood up, holding what appeared to be a gun, and fired at Segally. The officer demanded that the two surrender and fired a warning shot into the ground. Several shots were exchanged at this relatively short distance. Appellant's fourth shot struck Segally in the upper thigh near his groin. The officer shot several times; one of these struck appellant in the upper body and the suspects finally surrendered.

Appellant challenges both convictions on the basis of insufficient evidence. He acknowledges that this Court will review the evidence in a light most favorable to the jury's verdict in order to determine whether it was adequate to sustain a finding of guilt beyond a reasonable doubt. *Kimmel v. State* (1981), 275 Ind. 575, 418 N.E.2d 1152.

Gas station attendant Michelle Carley identified appellant at trial as the individual who pointed a gun at her, handed it to his accomplice, and then came through the window to take the money. Counsel points out that Carley had not seen appellant during the sixteen months between the robbery and the date of trial. He says this is too long for her testimony to be reliable. The witness, however, was quite firm in her identification: "You don't forget who pointed a gun at your face. You relive it over and over."

■ The testimony of Carley was certainly more than adequate to sustain a conviction on the charge of robbery.

■ With respect to the conviction for attempted murder, Williams argues that there is insufficient evidence that he intended to murder Segally by firing at him. He submits that the evidence could reasonably be taken to mean that he was only firing in order to flee. This Court has held that specific intent can be inferred from a subject's actions. "The use of a weapon in a manner likely to cause death or great bodily harm may be sufficient to establish a defendant's intent to commit murder." *Burgess v. State* (1984), Ind., 461 N.E.2d 1094, 1099. The evidence that appellant fired four times at Officer Segally from thirty feet is adequate to meet this test.

We note that subsequent to the Omnibus Date, appellant's private counsel from Chicago, Robert L. Edwards, moved the trial court for permission to withdraw his appearance for Williams "on the grounds that he has failed to fulfill his contractual obligations to counsel, regarding the payment of fees," in contravention of Ind.Code § 35–36–8–2(c). Public Defender Robert L. Lewis assumed responsibility for the case and performed admirably, especially considering that Williams refused even to discuss the case with him, apparently on the advice of his mother.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.