## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 24 2020, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Prosecuting Attorney
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Deiandre Bailey,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 24, 2020

Court of Appeals Case No.
20A-CR-176

Appeal from the Marion Superior Court

The Honorable Angela Dow Davis, Judge

The Honorable Hugh Patrick Murphy, Magistrate

Trial Court Cause No.
49G16-1907-F6-29211

**Pyle, Judge.**

# Statement of the Case

Deiandre Bailey ("Bailey") appeals his convictions, following a jury trial, for Level 6 felony domestic battery[1] and two counts of Class A misdemeanor domestic battery.[2] Bailey argues that the State failed to provide sufficient evidence to prove that venue was in Marion County. Concluding that Bailey has waived his argument because he did not challenge venue at trial, and that, waiver notwithstanding, the State presented sufficient evidence to prove venue by a preponderance of the evidence, we affirm Bailey's convictions.

We affirm.

# Issue

Whether the State provided sufficient evidence to prove venue.

# Facts

After midnight on July 6, 2019, Bailey was at his girlfriend Dominique Daye's ("Daye") apartment along with Daye's four-year-old son ("Daye's son") and Bailey's sister ("Bailey's sister"). After the group had spent some time eating and conversing, Bailey stated that he was going upstairs and told Daye that he wanted her to also go upstairs. Daye refused, and Bailey slapped her face with his open hand. Over the course of that early morning, Bailey continued to ask

---

[1] IND. CODE § 35-42-2-1.3.

[2] I.C. § 35-42-2-1.3.

Daye to go upstairs. Daye continued to refuse his requests, causing tensions to escalate. Bailey threatened Daye with a kitchen knife and "whack[ed]" her with a towel used to clean up dog urine. (Tr. Vol. 2 at 59, 60). When Daye threw the towel at Bailey, he punched her face with a closed fist. Bailey's sister attempted to intervene, but then Bailey again slapped Daye's face.

[4] Eventually, following prolonged arguing at the apartment, Daye took her son and walked to a nearby park. Bailey followed Daye to the park. An "aggravated" Bailey "kept asking" Daye to go back to the apartment. (Tr. Vol. 2 at 69). Daye repeatedly refused. After another period of arguing, Bailey grabbed a rock and threatened to hit Daye with it. He then grabbed a larger rock, which was the size of his hand. When Daye again refused to go home with him, Bailey used the rock to strike the left side of Daye's face, causing her glasses to fly off her face. Bailey then ran away from the scene. Daye called out for help to some people who were outside, and she asked them to call the police.

[5] Indianapolis Metropolitan Police Department ("IMPD") Officer Darius Clark ("Officer Clark") was dispatched to the scene. When he arrived, he saw that Daye's eye was "puffy[,]" bruised, and "actively bleeding." (Tr. Vol. 2 at 92). The police took photographs of Daye's injuries. An ambulance transported Daye to Community Hospital, where a nurse took additional photographs of Daye's injuries, which included a fractured left eye socket.

[6]    The State charged Bailey with two counts of Level 6 felony domestic battery and two counts of Class A misdemeanor domestic battery. Counts 1 and 3 related to Bailey's act of striking Daye with his hand while at the apartment, and Counts 2 and 4 related to his act of striking Daye with a rock while at the park.

[7]    The trial court held a jury trial in December 2019. During the trial, Daye testified that after Bailey had hit her multiple times at her apartment, she and her son had walked to a nearby park. Daye also testified that after Bailey had struck her face with the rock, she had asked bystanders to call the police. IMPD Officer Clark testified that he had been dispatched to the 3600 block of Bunker Hill Drive and confirmed that the address was in Marion County. Bailey did not object to the State's establishment of venue at trial or otherwise challenge it in any way to the trial court. The jury found Bailey guilty of the Level 6 felony and Class A misdemeanor domestic battery counts relating to the park and the Class A misdemeanor domestic battery relating to the apartment. The jury found him not guilty of the Level 6 felony count relating to the apartment.

[8]    At a subsequent sentencing hearing, the trial court merged Bailey's park-related misdemeanor conviction into his felony conviction and imposed a 545-day sentence for Bailey's Level 6 felony conviction and a concurrent 365-day sentence for his misdemeanor conviction. Bailey now appeals.

# Decision

Bailey raises a sole issue, arguing that the State failed to provide sufficient evidence to prove that venue was in Marion County. The State argues that Bailey has waived this claim for appellate review, and we agree.

"'A defendant waives error relating to venue when he fails to make an objection at the appropriate time in the trial court.'" *Peacock v. State*, 126 N.E.3d 892, 896 (Ind. Ct. App. 2019) (quoting *Harkrader v. State*, 553 N.E.2d 1231, 1234 (Ind. Ct. App. 1990), *trans. denied*).[3] Here, Bailey did not challenge the State's establishment of venue at any time or in any manner to the trial court. As a result, he has waived his appellate review of his challenge to venue. *See, e.g.,* *Peacock*, 126 N.E.3d at 896-97 (holding that the defendant had waived appellate review of his venue claim where he had failed to challenge venue at trial, such as moving for directed verdict); *Harkrader*, 553 N.E.2d at 1234 (explaining that the defendant's failure to challenge venue at trial resulted in waiver of his appellate challenge to venue).[4]

Waiver notwithstanding, we conclude that the State sufficiently proved venue. A defendant has a constitutional and a statutory right to be tried in the county

---

[3] We direct Bailey's attention to the fact that *Peacock v. State*, 126 N.E.3d 892 (Ind. Ct. App. 2019) is a published opinion and not, as incorrectly asserted by Bailey, an unpublished memorandum decision.

[4] In his Reply Brief, Bailey contends that he should be allowed to raise his venue challenge for the first time on appeal pursuant to Indiana Trial Rule 50(A)(5). We disagree. *See Scalf v. State*, 424 N.E.2d 1084, 1086 (Ind. Ct. App. 1981) (explaining that a venue challenge is not within the purview of Trial Rule 50(A)(5) because venue is a "collateral matter" and not an element of a crime).

where the offense was committed. *Peacock*, 126 N.E.3d at 897 (citing IND. CONST. Art 1, § 13 and IND. CODE § 35-32-2-1(a)). While the State is required to prove venue, it is not an element of an offense. *Peacock*, 126 N.E.3d at 897. The State is required to prove venue by only a preponderance of the evidence, and "[c]ircumstantial evidence may be sufficient to establish proper venue." *Id.* Our Court will "neither weigh the evidence nor resolve questions of credibility," and we will "look to the evidence and reasonable inferences drawn therefrom that support the conclusion of requisite venue." *Id.*

[12] Here, after Bailey hit Daye at their apartment, she walked to nearby park where Bailey hit her again. Bystanders at the park called for the police, and IMPD Officer Clark was dispatched to scene, which he testified was in Marion County. The circumstantial evidence, including the reasonable inferences drawn therefrom, is sufficient to show by a preponderance of the evidence that Bailey committed his offenses in Marion County. Accordingly, the State provided sufficient evidence of venue.

[13] Affirmed.

Kirsch, J., and Tavitas, J., concur.